1406

Joey GODWIN, d/b/a Godwin Builders, Respondent v. STANLEY SMITH & SONS, Appellant.

(386 S. E. (2d) 464)

Court of Appeals

*Russell H. Putnam, Jr.* of *Austin Law Firm,* Columbia, *for appellant.*

*Johnathan W. Bryan* and *Howard P. King* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for respondent.*

Heard Oct. 10, 1989.

Decided Oct. 30, 1989.

SANDERS, Chief Judge:

Respondent Joey Godwin, d/b/a Godwin Builders, sued appellant Stanley Smith and Sons, for breach of contract. Godwin also purported to assert separate causes of action for fraud and for a violation of the South Carolina Unfair Trade Practices Act. Stanley Smith moved to stay the proceeding and compel arbitration, to dismiss the suit for lack of proper venue, or to change the venue, and to dismiss the cause of action asserting a violation of the Unfair Trade Practices Act. The Circuit Court granted the motion to dismiss the cause of action asserting a violation of the Unfair Trade Practices Act, denied the motion to dismiss the suit for lack of proper venue, or to change the venue, and denied the motion to stay the proceedings and compel arbitration. Stanley Smith appeals the denial of the motion to stay the proceedings and compel arbitration. We reverse and remand.

Godwin and Stanley Smith entered into a contract, by the terms of which Godwin agreed to furnish all labor and equipment necessary to hang wallpaper in parts of two buildings, and Stanley Smith agreed to pay Godwin a specified amount of money. Godwin alleges that Stanley Smith breached the contract by failing to pay the agreed amount. Godwin alleges further that Stanley Smith made a false representation in connection with the performance of the contract. (This allegation is set out in a separate cause of action which Godwin characterizes as a "cause of action for fraud.")

The contract between Godwin and Stanley Smith is captioned "Subcontract." Stanley Smith is referred to as "the Contractor." Godwin is referred to as "the Subcontractor." The contract does not expressly require arbitration. It does, however, refer to a contract between Stanley Smith and the owner of the buildings which requires arbitration.

Section 1 of the contract between Godwin and Stanley Smith provides that Godwin "agrees to furnish all materials and perform all work ... in accordance with the General

Conditions of the Contract between the Owner and the Contractor ... which General Conditions ... hereby become a part of this contract."

Included among the Contract Documents, which form the contract between Stanley Smith and the owner, is a document captioned "General Conditions of the Contract for Construction." Section 7.9.1 of the document provides:

> All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

Section 12, subsection 1, of the contract between Godwin and Stanley Smith further provides that Godwin is "bound to the Contractor by the terms of the Contractor Documents and this Agreement, and assume[s] toward the Contractor all the obligations and responsibilities that the Contractor, by those documents, assumes toward the Owner as applicable to this Subcontract."

Stanley Smith seeks to require arbitration pursuant to the Federal Arbitration Act, 9 U. S. C. §§ 1 to 208 (1970). Section 2 of the Act provides:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Godwin does not dispute that the contract evidences a transaction involving interstate commerce. (In his brief he says: "The Respondent concedes that the subcontract is 'commerce' within the meaning of 9 U. S. C. A. §§ 1 and 2.")

"The United States Supreme Court recently held that the Federal Arbitration Act declares a liberal policy favoring arbitration." *Circle S. Enterprises, Inc. v. Stanley Smith & Sons*, 288 S. C. 428, 430, 343 S. E. (2d) 45, 46 (Ct. App. 1986),

citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1, 103 S. Ct. 927, 74 L. Ed. (2d) 765 (1983). "Even more recently, the United States Court of Appeals held the requirement of the Act that a contract evidence a transaction involving commerce must be broadly construed to promote arbitration." *Circle S.*, 288 S. C. at 430, 343 S. E. (2d) at 46, citing *Snyder v. Smith*, 736 F. (2d) 409 (7th Cir. 1984).

"It is well settled that, under the Federal Arbitration Act, an agreement to arbitrate may be validly incorporated into a subcontract by reference to an arbitration provision in a general contract." *Maxum Founds., Inc. v. Salus Corp.*, 779 F. (2d) 974, 978 (4th Cir. 1985), citing *J. S. & H. Constr. Co. v. Richmond County Hosp. Auth.*, 473 F. (2d) 212 (5th Cir. 1973); *Starr Elec. Co. v. Basic Constr. Co.*, 586 F. Supp. 964 (M. D. N. C. 1982); *Vespe Contracting Co. v. Anvan Corp.*, 399 F. Supp. 516 (E. D. Pa. 1975); *Bigge Crane & Rigging Co. v. Docutel Corp.*, 371 F. Supp. 240 (E. D. N. Y. 1973). *See First Baptist Church of Timmonsville v. George A. Creed & Son, Inc.*, 276 S. C. 597, 599, 281 S. E. (2d) 121, 122 (1981) ("Arbitration of disputes arising under a contract may be provided for by reference to outside documents."); *Twiggs v. Williams*, 98 S. C. 431, 456, 82 S. E. 676, 679 (1914) ("[O]ne contract may be made part of another by reference.").

At least one of these cases, *J. S. & H. Construction Co. v. Richmond County Hospital Authority*, involved facts virtually identical to the facts in the instant case. There, the Court summarized the essential facts as follows:

> George A. Fuller Company, a Maryland corporation with its principal place of business in New York, contracted as prime contractor with Richmond County Hospital Authority, Augusta, Georgia, to build a university hospital. The "General Conditions" of the prime contract included a provision that the parties would submit contract disputes to arbitration and that neither party had "a right of legal action" based on the contract until the arbitrators reached a decision. Fuller then entered into a subcontract with J. S. & H. Construction Company, a legal entity of New Mexico, under which J. S. & H. was to furnish labor and materials for the

> construction of the hospital. The subcontract contained no express arbitration provision, but it incorporated by reference the "General Conditions" of the prime contract and explicitly provided that the subcontractor assumed toward the prime contractor those responsibilities and obligations which the prime contractor assumed toward the Hospital Authority in the prime contract.

473 F. (2d) at 213. The Court, in footnotes, quoted the prime contract and the subcontract. The language quoted by the Court is essentially the same as the language of Article 1 of the contract between Stanley Smith and the owner, Section 12, subsection 1, of the contract between Godwin and Stanley Smith and Section 7.9.1 of the "General Conditions of the Contract for Construction."

Based on these facts, the Court held that "the prime contract arbitration provision was incorporated by reference into the subcontract and is binding on appellant J. S. & H." *Id.* at 216. Cases decided by state courts have reached similar results based on similar facts. *ADC Const. Co. v. McDaniel Grading, Inc.*, 177 Ga. App. 223, 338 S. E. (2d) 733 (1985); *Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida, Inc.*, 219 So. (2d) 110 (Fla. App. 1969). We find these cases persuasive.

Accordingly, we hold that the arbitration provision contained in the contract between Stanley Smith and the owner was incorporated, by reference, into the contract between Godwin and Stanley Smith and is binding on Godwin.

Godwin argues that the decision to deny the motion to stay the proceedings and compel arbitration should be affirmed because Section 12, subsection 1, of the contract between Godwin and Stanley Smith was "not before the Circuit Court when the motion was originally decided." We reject this argument. The Transcript of Record does not include the arguments of counsel on the motion. Nor does the order of the Circuit Court state any reason for denying the motion. (The order simply says: "Motion to stay is denied. Motion to compel arbitration is denied.") We, therefore, have no way of knowing either what was presented to the Circuit Court or why the motion was denied. Moreover,

the Transcript contains a copy of the contract between Godwin and Stanley Smith which clearly includes Section 12, subsection 1. The parties have agreed that the material contained in the Transcript "is a true and correct copy of the agreed cause [sic] and exceptions." *See Arnold v. Carolina Power & Light Co.*, 168 S. C. 163, 172, 167 S. E. 234, 238 (1933) (we are "bound by the transcript of record as to the facts of the cause").

Godwin next argues that the arbitration provision is not enforceable under the law of South Carolina. He cites the Uniform Arbitration Act, Section 15-48-10 to -240, Code of Laws of South Carolina, 1976, as amended. He relies specifically on the portion of Section 15-48-10(a) which provides: "Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration." This argument is patently without merit. *See Episcopal Hous. Corp. v. Fed. Ins. Co.*, 269 S. C. 631, 636, 239 S. E. (2d) 647, 649 (1977) ("[U]nder the supremacy clause of the United States Constitution, Article VI, Clause 2, this Court must recognize that federal statutes enacted pursuant to the United States Constitution are the supreme law of the land."); *Circle S.*, 288 S. C. at 429 n. 1, 343 S. E. (2d) at 46 n. 1 (with specific reference to Section 15-48-10(a): "[T]he Federal Arbitration Act, enacted pursuant to the commerce clause of the United States Constitution, if applicable, supersedes state law.").

Godwin also calls to our attention the recent decision of the United States Supreme Court in *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U. S. ___, 109 S. Ct. 1248, 103 L. Ed. (2d) 488 (1989). There, the Court held that the Federal Arbitration Act did not preclude enforcement of a California statute that permits a stay of arbitration pending litigation also involving parties not bound by the agreement to arbitrate. This case is, however, distinguishable on its facts. The Court based its decision on the fact that, in the contract providing for arbitration, the parties had expressly agreed to be bound by California law. No such agreement appears in the instant case. Other cases cited by Godwin are similarly

distinguishable.

Godwin finally argues that "the cause of action for ■ fraud, at the very least, is not arbitrable under the contract." We also reject this argument. As we have said, subject only to certain exceptions not even arguably applicable here, Section 7.9.1 provides all claims relating to the contract must be decided by arbitration. As we have also said, this provision is binding on Godwin. *See Rodgers Builders, Inc. v. McQueen,* 76 N. C. App. 16, 25, 331 S. E. (2d) 726, 732 (1985) (based on language essentially the same as the language of Section 7.9.1, the Court held that a claim for fraud was required to be arbitrated: "we conclude that the language of the arbitration clause here is sufficiently broad to include *any* claims which arise out of or are related to the contract or its breach, regardless of the characterization of the claims as tort or contract.").

For these reasons, the order of the Circuit Court is reversed and the case is remanded with direction that the proceedings be stayed pending arbitration of the claims between the parties.

Reversed and remanded.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.