[No. B068102. Second Dist., Div. Four. June 6, 1994.]

JOHN R. SLAUGHT, Plaintiff and Appellant, v.
BENCOMO ROOFING COMPANY et al., Defendants and Respondents.

**COUNSEL**

Forgy, Inadomi & Mosich and Nicholas J. Mosich for Plaintiff and Appellant.

Barry Zalma for Defendants and Respondents.

**OPINION**

**VOGEL (C. S.), J.—**

### INTRODUCTION

John R. Slaught, doing business as J.R. Slaught Construction Co., appeals (Code Civ. Proc., § 1294, subd. (a)) from an order entered on March 17, 1992, denying his petition to compel arbitration and to consolidate arbitration proceedings. Because we find agreements by the parties to participate in such consolidated arbitration, we reverse.

### PROCEDURAL AND FACTUAL BACKGROUND

On February 8, 1989, Slaught, a general contractor (Contractor), was hired by Perry Avenue Fund 88-Ltd., owner of real property in Carson, California (Owner), to supervise the construction of 58 single-family dwellings on the property. Contractor then hired several subcontractors and materialmen, including Bencomo Roofing Company, Fram Construction Co., Inc., K & M Construction Co., Inc., Topline Finish Products, Inc., and Sel Villarreal (Subcontractors).

On May 15, 1991, a dispute arose between Contractor and Owner wherein Contractor alleged that he was owed $52,889.51 by Owner for out-of-pocket expenses and costs incurred in construction. The matter was submitted to arbitration with the American Arbitration Association pursuant to the construction agreement between Owner and Contractor (Construction Contract).

Section 14.01 of the agreement states: "Any dispute arising out of the work agreed on herein must be raised and settled in an arbitration proceeding held in accordance with the Construction Industry Rules of the American Arbitration Association then in effect or, if not then in effect, in accordance with Part III, Title 9, of the Code of Civil Procedure. The award rendered by arbitrators shall be final and binding, and judgment may be entered upon it in any court having jurisdiction thereof."

In response to Contractor's demand for arbitration, Owner counterclaimed for $150,000 in damages claiming Contractor negligently failed to properly oversee and supervise Subcontractors and others and that the works of improvement were improperly performed or contained defective material. On October 4, 1991, Contractor demanded Subcontractors join in the arbitration. They each declined to participate in the arbitration.

The subcontracts between Contractor and Subcontractors (Subcontracts) contain two pertinent provisions. The first is an arbitration clause and the second is a clause which states that the Subcontracts assume the Construction Contract:

"21. ARBITRATION: In case of any dispute between the parties as to the interpretation of this agreement or the performance of the same, either party may demand that the dispute be submitted to arbitration. The demand shall be in writing, shall be served on the other party and shall specify the arbitrator chosen by the party making the demand. Within 7 days after receipt of the demand, the other party shall appoint an arbitrator, by written notice served on the party making the demand. The two arbitrators so chosen shall select a third arbitrator. The decision of any two arbitrators shall be binding and conclusive, shall be in writing and shall be a condition precedent to any right of legal action. In no case shall submission of a matter to arbitration be a cause for delay or discontinuance of any part of the work. Each party shall bear the expense of its own arbitrator and the expense of the third arbitrator and other costs of the arbitration shall be divided equally between the parties."

"5. ASSUMPTION OF PRINCIPAL CONTRACT: The work to be done hereunder is a portion of the work required of Contractor under the General Contract referred to in the Special Conditions hereof. Insofar as applicable, Subcontractor shall be bound by all of the terms and conditions of the Contract Documents, and shall strictly comply therewith. All rights and remedies reserved to Owner under the Contract Documents shall apply to and be possessed by Contractor in its dealings with Subcontractor."

On February 3, 1992, Contractor filed his petition in the superior court to compel arbitration and to consolidate arbitration proceedings. On March 17,

1992, the petition was denied. No statement of decision by the trial court was offered or requested. This appeal followed.

## DISCUSSION

The issue before us does not concern the merits of the underlying disputes, but rather the forum and procedure for their resolution. ■ California has a strong public policy in favor of arbitration as a speedy and relatively inexpensive method of resolving disputes. (*Boys Club of San Fernando Valley, Inc.* v. *Fidelity & Deposit Co.* (1992) 6 Cal.App.4th 1266, 1271-1272 [8 Cal.Rptr.2d 587].) ■ Judicial review is limited to a determination whether the party resisting arbitration in fact agreed to arbitrate. (*University of San Francisco Faculty Assn.* v. *University of San Francisco* (1983) 142 Cal.App.3d 942, 947 [191 Cal.Rptr. 346].) If the court finds an agreement between the parties to arbitrate, it will compel arbitration under Code of Civil Procedure section 1281.2, which states in pertinent part, "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists."

■ The parties do not disagree as to the facts of the case, but only as to the interpretation of the Subcontracts. Therefore, a statement of decision by the trial court was not necessary in this case since there was no question of fact but only a question of law. (*University of San Francisco Faculty Assn.* v. *University of San Francisco, supra,* 142 Cal.App.3d at pp. 946-947.) An appellate court is not bound by a trial court's construction of a written instrument where such construction is based solely on the instrument without extrinsic evidence. (*Conejo Valley Unified School Dist.* v. *William Blurock & Partners, Inc.* (1980) 111 Cal.App.3d 983, 987-988 [169 Cal.Rptr. 102].)

■ Contractor argues that arbitration should have been ordered because the Subcontracts incorporated by reference the arbitration provision of the Construction Contract through paragraph 5 of the Subcontracts. ■ "Under California law, parties may validly incorporate by reference into their contract the terms of another document." (*Baker* v. *Aubry* (1989) 216 Cal.App.3d 1259, 1264 [265 Cal.Rptr. 381].) The reference to the incorporated document must be clear and unequivocal and the terms of the incorporated document must be known or easily available to the contracting parties. (*Spellman* v. *Securities, Annuities & Ins. Services, Inc.* (1992) 8 Cal.App.4th 452, 457 [10 Cal.Rptr.2d 427]; *Chan* v. *Drexel Burnham Lambert, Inc.* (1986) 178 Cal.App.3d 632, 641 [223 Cal.Rptr. 838]; *Baker* v.

*Aubry, supra,* 216 Cal.App.3d at p. 1264.) ▇▇ Subcontractors never argued that they were unaware of the document being incorporated. The Subcontracts state specifically that the Subcontractors had fully examined the contract documents.

Paragraph 5 of the Subcontracts incorporated by reference the terms of the Construction Contract because it stated that the "Subcontractor shall be bound by all of the terms and conditions of the Contract Documents, and shall strictly comply therewith. All rights and remedies reserved to Owner under the Contract Documents shall apply to and be possessed by Contractor in its dealings with Subcontractor."

In *Boys Club of San Fernando Valley, Inc.* v. *Fidelity & Deposit Co., supra,* 6 Cal.App.4th 1266, the court enforced an arbitration clause against a party who incorporated it by reference. A contract between a construction company and a boys club, which contained an arbitration clause, was incorporated by reference into a surety agreement. The surety who issued the performance bond to the construction company was compelled to participate in the arbitration of the dispute between the construction company and the boys club when a dispute arose regarding defects in construction. The court held that by the language of its contract incorporating the construction contract, the surety intended, and agreed, to be bound by the arbitration provision in the construction contract even though it was not a party to the contract. (*Id.* at pp. 1271-1273; see also *Garden Grove Community Church* v. *Pittsburgh-Des Moines Steel Co.* (1983) 140 Cal.App.3d 251, 259-260 [191 Cal.Rptr. 15] [where owner had arbitration agreement with contractor, and owner might have indemnity against construction manager, and architect, it was important to join all necessary parties in single arbitration].)[1]

The instant case deals not solely with the issue of whether Subcontractors are forced to arbitrate under the Construction Contract's arbitration clause but also whether Subcontractors must participate in the same proceeding as Owner and Contractor. A federal case, *Uniroyal, Inc.* v. *A. Epstein and Sons, Inc.* (7th Cir. 1970) 428 F.2d 523, held that a contract between general

---

[1]In addition, several federal and state courts have found that a construction contract and its arbitration clause can be easily incorporated by reference into subcontracts thus forcing subcontractors to arbitrate their disputes. (*Maxum Foundations, Inc.* v. *Salus Corp.* (4th Cir. 1985) 779 F.2d 974; *J.S. & H. Construction Co.* v. *Richmond County Hosp. Auth.* (5th Cir. 1973) 473 F.2d 212; *Gavlik Const. Co.* v. *H. F. Campbell Co.* (3d Cir. 1975) 526 F.2d 777; *Russellville Steel Co., Inc.* v. *A & R Excavating, Inc.* (La.Ct.App. 1993) 624 So.2d 11; *Massachusetts Elec.* v. *R.W. Granger* (1992) 32 Mass.App. 982 [594 N.E.2d 545]; *Turner Constr.* v. *Midwest Curtainwalls* (1989) 187 Ill.App.3d 417 [135 Ill.Dec. 14, 543 N.E.2d 249]; *Godwin* v. *Stanley Smith & Sons* (1989) 300 S.C. 90 [386 S.E.2d 464]; *Gibbons-Grable Co.* v. *Gilbane Bldg. Co.* (1986) 34 Ohio App.3d 170 [517 N.E.2d 559].)

contractor and subcontractor, which contained an assumption clause similar to paragraph 5, required subcontractor to participate in arbitration proceedings between owner and contractor to arbitrate owner's claim for damages arising out of alleged failure of performance by subcontractor.[2]

Another federal case specifically holds that provisions like paragraph 5 of the Subcontracts combined with section 14.01 of the Construction Contract require consolidation. The court stated that the subcontract's assumption clause read together with the construction contract's arbitration clause provided for consolidated arbitration, even though the subcontract had its own arbitration clause. (*Gavlik Const. Co. v. H. F. Campbell Co., supra,* 526 F.2d at 789.)[3]

Here, Contractor relied on paragraph 5 of its contract with Subcontractors when it moved to join them in the arbitration proceedings between Owner and Contractor. Under this provision, Subcontractors agreed to be bound by the terms of the Construction Contract. When the terms of the Construction Contract were incorporated by reference, the arbitration terms of the Construction Contract were likewise incorporated. Paragraph 5 also states that when Owner has any rights or remedies against Contractor, Contractor has the same rights and remedies against Subcontractors. Since section 14.01 of the Construction Contract required that Contractor submit to arbitration, section 14.01 as incorporated into the Subcontracts through paragraph 5 also required Subcontractors to submit to arbitration.

Respondent Bencomo Roofing Company argues that such incorporation by reference leads to an "obvious ambiguity" in the Subcontracts because the two arbitration clauses contain different arbitration procedures and that any ambiguity should be resolved in Subcontractors' favor since the Subcontracts are contracts of adhesion. We find no ambiguity or contradiction within the Subcontracts, due to incorporation of the Construction Contract. In *Gavlik Const. Co. v. H. F. Campbell, Co., supra,* 526 F.2d at page 789, the subcontract and the general contract likewise contained different arbitration procedures. The court held that in a dispute involving the owner, general

---

[2]In *Uniroyal,* the subcontractor agreed: "(a) To be bound to the Contractor by the terms of the Agreement, General Conditions, Drawings and Specifications, and to assume toward him all the obligations and responsibilities that he, by those documents, assumes toward the Owner." (428 F.2d at p. 526.)

[3]The *Gavlik* subcontract stated: "Subcontractor shall be bound to the Contractor by the terms and provisions of all the Contract Documents, and assumes toward the Contractor, with respect to the Subcontractor's work, all of the obligations and responsibilities which the Contractor, by the Contract Documents has assumed toward the Owner." (526 F.2d at p. 788.) The general contract stated: "All claims, disputes and other matters in question arising out of, or relating to, this Contract, or the breach thereof . . . shall be decided by arbitration . . . ." (*Ibid.*)

contractor, and subcontractor, the arbitration procedures specified in the general contract controlled.

So here, paragraph 21 of the Subcontracts governs those disputes arising only between Contractor and Subcontractors. Section 14.01 of the Construction Contract as incorporated through paragraph 5 of the Subcontracts governs the dispute under the present circumstances where the dispute involves the Construction Contract.

We therefore hold that a consolidated arbitration of Owner's claim is required under the Construction Contract and the Subcontracts. Since the Subcontractors' obligation to arbitrate is not based on paragraph 21 of Subcontracts but instead on paragraph 5 incorporating the Construction Contract, the arbitration procedures are those set forth in the Construction Contract not the Subcontracts.

Since we decide that Subcontractors are required to join the arbitration because of the incorporation of the Construction Contract into the Subcontracts, we need not decide if the trial court abused its discretion by not ordering consolidation under Code of Civil Procedure section 1281.3.

## DISPOSITION

The order denying the motion to compel arbitration is reversed. The trial court is directed to enter a new order compelling arbitration consistent with the views expressed herein. The parties are to bear their own costs on appeal.

Woods (A. M.), P. J., and Epstein, J., concurred.