John P. REILLY; Patricia L. Reilly, as Trustees of the John & Patricia Reilly Family Trust, Plaintiffs—Appellants,

v.

WM FINANCIAL SERVICES INC., a Washington State Corporation; Edward Schrufer; Washington Mutual, Inc., Defendants—Appellees,

and

John Nuveen & Co Incorporated, a Delaware Corporation, Defendant.

No. 02–17100.

D.C. No. CV–00–20563–JW/EAI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Feb. 2, 2004.

Mark Strombotne, Strombotne Law Firm, San Jose, CA, for Plaintiffs–Appellants.

Martin L. Fineman, Esq., Sam N. Dawood, Esq., Davis, Wright, Tremaine, LLP, San Francisco, CA, for Defendants–Appellees.

Michael P. Brown, Esq., O'Melveny & Myers LLP, San Francisco, CA, for Defendant.

Before LEAVY, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM [*]

John and Patricia Reilly, as Trustees of the John and Patricia Reilly Family Trust, ("Reillys") appeal the district court's order granting the defendants' motion to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The facts are known to the parties and are recited only briefly. The Reillys brought an action alleging that they suffered monetary losses as a result of defendants' violations of federal securities laws and various California state laws. The

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

district court granted defendants' motion to compel arbitration. A panel of National Association of Securities Dealers conducted an arbitration hearing and issued an award denying the Reillys' claims. The district court confirmed the arbitration award. The Reillys now appeal the district court's confirmation award, arguing that there is a genuine issue of material fact as to whether they agreed to arbitrate. The Reillys contend that there is a factual dispute as to whether they saw or received Page 2 of the "application to open an investment account," which contained the actual arbitration clause. The Reillys do not dispute that they signed their names on Page 3, under a statement that acknowledges that they had "read, received, and agreed to the predispute arbitration section" of the investment account agreement. The Reillys contend that the arbitration panel's decision should be vacated and a jury trial convened to determine whether the parties had an enforceable agreement to arbitrate.

A district court's confirmation of an arbitration award is reviewed "like any other district court decision ... accepting findings of fact that are not clearly erroneous but deciding questions of law de novo." *Coutee v. Barington Capital Group,* 336 F.3d 1128, 1132 (9th Cir.2003) (quoting *Barnes v. Logan,* 122 F.3d 820, 821 (9th Cir.1997).

The Federal Arbitration Act provides in relevant part: "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Courts have interpreted 9 U.S.C. § 4 to require a jury trial "only if there is a triable issue concerning the existence or scope of the agreement." *Saturday Evening Post Co. v. Rumbleseat Press,* 816 F.2d 1191, 1196 (7th Cir.1987).

"To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1170 (9th Cir.2003) (quoting *First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). The Reillys commenced this action in California. We therefore evaluate the arbitration agreement under California law. *See id.; Circuit City Stores, Inc. v. Mantor,* 335 F.3d 1101, 1106 n. 9 (9th Cir.2003).

In response to the defendants' motion to confirm the arbitration award, the Reillys contend there is a genuine issue of material fact as to whether they agreed to arbitrate. The defendants produced a copy of the investment account agreement, which contains the Reillys' signatures acknowledging that they had "read, received, and agreed to the predispute arbitration section" of the agreement. The burden is then upon the Reillys to produce specific facts showing that a triable issue of material fact exists as to whether they agreed to arbitrate.

The Reillys have failed to produce specific facts showing a triable issue of material fact regarding the validity of the arbitration agreement. The Reillys submitted declarations stating that they had never seen, read, or approved the disputed page containing the actual arbitration clause. Assuming the truth of these declarations, no triable issue exists. Under California law, a party can be bound by an arbitration clause even if he failed to read or understand it. *Bolanos v. Khalatian,* 231 Cal.App.3d 1586, 283 Cal.Rptr. 209, 211, (1991); *Madden v. Kaiser Foundation Hospitals,* 17 Cal.3d 699, 131 Cal.Rptr. 882, 889, 552 P.2d 1178 (1976). The Reillys do not dispute that the disputed page exists; instead, they claim that the arbitration agreement is invalid because they did

not receive a copy of the page containing the actual arbitration clause. Under California law, the terms of an incorporated contract provision must be easily available to the contracting parties. *Slaught v. Bencomo Roofing Co.*, 25 Cal.App.4th 744, 30 Cal.Rptr.2d 618, 621 (1994). The record indicates that copies of the arbitration agreement were easily available to the contracting parties.

The district court's order confirming the arbitration award is affirmed.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.