**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E & J GALLO WINERY, as administrator of the E. & J. Gallo Winery Executive Retirement Plan,<br><br>Plaintiff,<br><br>v.<br><br>AUDREY ROGERS,<br><br>Defendant-cross-defendant - Appellee,<br><br>RANDY ROGERS, as Administrator of the Estate of Robert G. Rogers,<br><br>Defendant - Appellee,<br><br>v.<br><br>MICHELE MCKENZIE-ROGERS,<br><br>Defendant-cross-claimant - Appellant. | No. 13-55327<br><br>D.C. No. 8:09-cv-00513-DMG-MLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Dolly M. Gee, District Judge, Presiding

Submitted February 11, 2015[**]
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MAHAN, District Judge.[***]

E. & J. Gallo Winery filed this interpleader action to determine the designated beneficiary under the Key Executive Profit Sharing Retirement Plan (the "ERP") belonging to Robert Rogers, a now-deceased former Gallo employee. The district court denied Michele Rogers' motion for summary judgment, concluding that Mark Rogers was the proper beneficiary of the ERP benefits. Michele appeals.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The parties dispute whether the documents governing the ERP are the 1988 letter confirming Robert's ERP membership and accompanying beneficiary designation alone, or whether the terms of the Gallo Profit Sharing Retirement Plan (the "Gallo Qualified Plan"), an ERISA qualified plan, were incorporated into the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

[1]For ease of reference, we refer to each member of the Rogers family by his or her first name.

ERP when certain of its terms were referenced in the 1988 letter. The district court correctly concluded that the 1988 letter, in which the terms of the ERP were described, did not clearly and unequivocally incorporate by reference the entirety of the Gallo Qualified Plan. *See Cariaga v. Local No. 1184 Laborers Int'l Union of N. Am.*, 154 F.3d 1072, 1074 (9th Cir. 1998) (quoting *Slaught v. Bencomo Roofing Co.*, 30 Cal. Rptr. 2d 618, 621 (Ct. App. 1994)). First, the letter does not clearly express the intent to incorporate all of the terms of the Gallo Qualified Plan. Michele relies heavily on the letter's third paragraph, which states that vesting, methods of payment and "all other matters" will be determined under the Gallo Qualified Plan. This reads "all other matters" too broadly, as the fourth paragraph of the 1988 letter specifically addresses the issue of designating a beneficiary, and informed Robert that if he did not do so in the accompanying form, payments would be made to his estate. Second, the terms relating to beneficiary designation in the 1988 letter are in direct contradiction to the analogous provisions in the Gallo Qualified Plan, Section 5.5.3. The Gallo Qualified Plan provides that benefits would be paid a) to the surviving spouse, or b) to the designated beneficiary, but only if there was no surviving spouse or if the surviving spouse had consented to the designated beneficiary, and would pass to the estate only if

there were no surviving spouse or the surviving spouse had consented to the designated beneficiary.

2. The district court correctly concluded that Robert unambiguously designated his former wife, Audrey Rogers, as his primary beneficiary under the ERP, and his brother, Mark, as his secondary beneficiary. *See Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1114 (9th Cir. 2006). Nothing in the ERP governing documents provided that Robert's marriage to Michele would void his prior beneficiary designation. And, the ERP is a non-qualified, top hat plan, exempted under ERISA from spousal consent requirements. *See Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1193 (9th Cir. 2007) ("ERISA exempts [top hat] plans from the fiduciary, funding, participation and vesting requirements applicable to other employee benefit plans." (internal quotation marks omitted)). Because Audrey waived her rights as the primary beneficiary of the ERP in a "Waiver and General Release" that she signed on February 6, 2008, the district court correctly found that Mark is entitled to the ERP benefits.

**AFFIRMED.**