0678

CIRCLE S. ENTERPRISES, INC., Respondent v. STANLEY SMITH & SONS, Appellant.

(343 S. E. (2d) 45)

Court of Appeals

*William Frederick Austin*, Columbia, *for appellant.*

*Henry L. Deneen* and *Kellum W. Allen*, West Columbia, *for respondent.*

Heard Feb. 17, 1986.

Decided April 14, 1986.

SANDERS, Chief Judge:

This is an appeal of a Circuit Court order enjoining appellant Stanley Smith & Sons from proceeding to have a dispute with respondent Circle S Enterprises, Inc. decided by arbitration. We reverse.

The parties entered into a contract by which Stanley Smith agreed to construct a certain auto-truck stop for Circle S at the intersection of United States highways I-20 and 21, and Circle S agreed to pay Stanley Smith $382,755. The contract contained a provision by which the parties also agreed that any dispute between them arising out of the contract "shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association."

Stanley Smith seeks to enforce this provision of the contract pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 to 208 (1970).[1] Section 2 of the Act provides in part:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any

---

[1] The provision of the contract requiring arbitration is not enforceable under state law because notice that the contract is subject to arbitration does not appear on its first page as required by Section 15-48-10(a), Code of Laws of South Carolina, 1976, as amended. However, the Federal Arbitration Act, enacted pursuant to the commerce clause of the United States Constitution, if applicable, supersedes state law. *See Episcopal Hous. Corp. v. Fed. Ins. Co.*, 269 S. C. 631, 239 S. E. (2d) 647 (1977).

part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The term "commerce" is defined by Section 1 of the Act to mean interstate or foreign commerce. Cases decided pursuant to the Act have uniformly construed the term to have this meaning. *See, e.g., Varley v. Tarrytown Associates, Inc.,* 477 F. (2d) 208 (2d Cir. 1973).

The United States Supreme Court recently held that the Federal Arbitration Act declares a liberal policy favoring arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U. S. 1, 103 S. Ct. 927, 74 L. Ed. (2d) 765 (1983). Even more recently, the United States Court of Appeals held the requirement of the Act that a contract evidence a transaction involving commerce must be broadly construed to promote arbitration. *Snyder v. Smith,* 736 F. (2d) 409 (7th Cir. 1984), *cert. denied,* _____ U. S. _____, 105 S. Ct. 513, 83 L. Ed. (2d) 403 (1984). As an example of an earlier case in which the Supreme Court broadly construed this requirement to promote arbitration, the Court of Appeals cited *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U. S. 395, 87 S. Ct. 1801, 18 L. Ed. (2d) 1270 (1967).

The single issue before us on appeal is whether the Circuit Court erred in ruling that the provision of the contract between Stanley Smith and Circle S which provides for arbitration is unenforceable under the Act because the contract does not evidence a transaction involving commerce.

Although we find no case deciding this issue on exactly the same facts as the instant case, analogous facts were the basis for the decision of our Supreme Court in *Episcopal Housing Corp. v. Federal Insurance Co.,* 269 S. C. 631, 239 S. E. (2d) 647 (1977).

In *Episcopal Housing,* the contract for the construction of a housing project for the elderly contained a provision for arbitration. The Court affirmed a Circuit Court order enforcing this provision of the contract under the Act, giving two reasons for holding that the contract evidenced a transaction involving commerce: (1) contract documents referred to equipment and materials to be furnished from outside South Carolina as well as subcontractors which were from outside this state, and (2) the nature of the project and the

actual work to be performed were sufficient to give notice that materials, equipment and supplies from outside South Carolina would be required. In our opinion, the contract in the instant case evidences a transaction involving commerce for essentially the same reasons.

The contract documents in the instant case, unlike the contract documents in *Episcopal Housing,* do not specifically say that equipment or materials are to be furnished from outside South Carolina and do not refer to subcontractors, either inside or outside this state. However, in determining whether a contract evidences a transaction involving commerce, the court is not limited to considering only those transactions expressly authorized on the face of the contract but may also look to affidavits. *Snyder v. Smith,* 736 F. (2d) 409, citing *Prima Paint,* 388 U. S. 395, 87 S. Ct. 1801, 18 L. Ed. (2d) 1270. Both the United States Supreme Court and our Supreme Court have relied on affidavits in making this determination. *See id., Episcopal Housing,* 269 S. C. 631, 239 S. E. (2d) 647. An affidavit made a part of the record in the instant case states without contradiction that numerous items specified by one of the contract documents were in fact purchased and shipped from outside South Carolina. According to this uncontradicted affidavit,

[A]t least the following items were shipped into South Carolina:

a. Gasoline pumps and the meters
b. Air compressor
c. Intercom System
d. Building insulation and hardware
e. All building materials such as glass, ceramic tile, wall board, paint, etc.
f. Plumbing — bathroom fixtures
g. Wiring
h. Air conditioning units
i. Refrigeration equipment
j. All structure and roof over the convenience store

Furthermore, the nature of the project and the work to be performed in the instant case were sufficient to give notice that materials, equipment and supplies from outside South Carolina would be required. In other words, anyone who

knew what would be required to perform the contract in the instant case would also know that it could not be performed without equipment and materials from outside South Carolina.

In adherence to the liberal policy favoring arbitration declared by the Federal Arbitration Act, we hold that the contract in the instant case evidences a transaction involving commerce and that the provision of the contract requiring arbitration is enforceable.

Accordingly, the order of the Circuit Court is

Reversed.

GARDNER and BELL, JJ., concur.