23805

Dora R. TIMMS, Respondent v. Mary GREENE, National HealthCorp, L.P., Greenwood Nursing Homes, Inc., d/b/a/ Greenwood Health Care Center, Appellants.

(427 S.E. (2d) 642)

Supreme Court

*Phillip E. Reeves,* of *Gibbes & Clarkson, P.A.,* Greenville, *for appellants.*

*Robert P. Foster* of *Foster, Foster & Fortson,* Greenville, and *William T. Jones,* of *The Jones Law Firm,* Greenwood, *for respondent.*

Submitted May 19, 1992; Decided Feb. 16, 1993.

Reh. Den. March 23, 1993

FINNEY, Justice:

Defendants-Appellants Mary Greene, National HealthCorp, L.P., Greenwood Nursing Homes, Inc., d/b/a Greenwood Health Care Center (appellants), appeal a circuit court order

denying appellant's motion to dismiss Plaintiff-Respondent Dora R. Timms' (respondent) negligence action for lack of jurisdiction, improper venue, and failure to state facts sufficient to constitute a cause of action. We affirm.

Prior to her death of unrelated causes, the respondent commenced this negligence action in the Greenwood County Circuit Court in August of 1990 seeking damages for injuries to her head and ears which she alleged occurred while left unattended under a hair dryer at Greenwood Health Care Center, Inc. (the Center). Appellant National Health Care, L.P, was made a party by virtue of its ownership of the Center. Appellant Mary Greene contracted with the Center to provide hair care services to residents and was providing services to the respondent at the time of her injuries.

Appellants did not answer the complaint, but moved to dismiss the action under Rule 12(b)(6), SCRCP, asserting 1) that the circuit court was without subject matter jurisdiction inasmuch as the contract between Timms and the Center required submission of the dispute to binding arbitration; 2) that the circuit court was the improper venue due to the fact that the proper forum to hear the case was the appropriate arbitration panel; 3) that respondent's complaint failed to allege facts sufficient to state a cause of action; and 4) sought an order requiring the respondent to provide a more definite statement of her complaint, pursuant to Rule 12(e), SCRCP.

The court denied appellant's motion to dismiss, holding that the arbitration agreement is unenforceable in that 1) it does not comply with the notice requirement of the South Carolina Uniform Arbitration Act, S.C. Code Ann. § 15-48-10 et seq. (Supp. 1991), (the State Act) or otherwise; and 2) that the contract does not involve interstate commerce, therefore, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, (the Federal Act) does not supersede the State Act. This appeal followed.

The contract evidencing the controverted arbitration agreement was executed by Timms in September of 1988 when she became a resident of the Center. The Center provided an Admission and Financial Contract containing the following Dispute Resolution Procedure.

> The parties hereby agree to arbitrate any claims or disputes arising out of or in connection with the care rendered to PATIENT by CENTER and/or its employees in

accordance with the provisions of the Uniform Arbitration Act, except that claims arising over non-payment of charges for services rendered or products provided to PATIENT shall not be subject to arbitration. The parties understand that arbitration of claims shall constitute a waiver of the right to trial by judge and/or jury which the parties might otherwise have. The parties hereby agree to arbitration due to the potential for a more timely final resolution of the claim or dispute. The parties freely choose arbitration and understand that the arbitrator's decision is final and binding upon all parties.

In determining enforceability of the arbitration agreement under the State Act, the trial court relied upon the following provisions of Section 15-48-10.

(a) ... Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration. (b) This chapter however shall not apply to:

(1) Any agreement or provision to arbitrate in which it is stipulated that this chapter shall not apply or to any arbitration or award thereunder ...

(4) Any claim arising out of personal injury, based on contract or tort ...

The court found 1) that the contract did not contain on the first page any mention of arbitration; 2) that there exists an insufficient relationship with interstate commerce to render the controversy subject to the Federal Act; 3) that the contract contained no exclusionary language prohibiting application of the State Act and invoking jurisdiction of the Federal Act; and 4) that the action was one seeking redress for personal injury and not arbitrable under the State Act.

Appellants contend the court erred in failing to find that the express terms of the contract subjects respondent's claim to the Federal Act under the decisions in *Episcopal Housing Corp. v. Federal Ins. Co.*, 269 S.C. 631, 239 S.E. (2d) 647 (1977); and *Circle S. Enterprises v. Stanley Smith & Sons*, 288 S.C. 428, 343 S.E. (2d) 45 (Ct. App. 1986),

and cites the following provision from Section 2 of the Federal Act.

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

In furtherance of its claim that interstate commerce is involved, appellants assert the Center's acceptance of federal insurance payments and that terms in the contract imply that the Center procures equipment, services and materials from outside the state. We disagree.

First, the State Act is clear with regard to the notice requirement. Moreover, the agreement specifically provides for arbitration "in accordance with the provisions of the Uniform Arbitration Act," the official designation for the State Act. S.C. Code Ann. § 15-48-240 (Supp. 1991).

Second, as to the issue of commerce, *Episcopal Housing Corp. v. Federal Ins. Co., supra,* and *Circle S. Enterprises v. Stanley Smith & Sons, supra,* are distinguishable from the case under consideration in that both are construction contracts clearly predicated upon transactions involving the purchase and use of materials and supplies from outside the state. In *Episcopal Housing Corp.,* this Court cited the four-prong test for determining applicability of the Federal Act, the second and relevant prong of which is that "the contract evidences a transaction involving commerce." In determining whether the contract on its face evidences commerce, we are required to look to the entire contract document.

In respondent's personal injury action, the contract for patient-residential service with the Center is obscure, if not devoid, of any basis for holding that commerce was involved in the transaction between the parties. Interstate commerce is a necessary basis for application of the Federal Act, and a contract or agreement not so predicated must be governed by State Law. *See Shearson Hayden Stone, Inc. v. Liang,* 493 F. Supp. 104 (N.D. Ill. 1980). To activate applica-

tion of the Federal Act, the commerce involved in the contract must be interstate or foreign. 9 U.S.C. § 1; *Varley v. Tarrytown Assoc., Inc.*, 477 F. (2d) 208 (2d. Cir. 1973).

In this record is an affidavit of the administrator of the Center, which avers that the Center engages in interstate commerce in that the Center 1) is a division of National Health-Corp, L.P., a Delaware Limited Partnership; 2) markets its services to persons residing outside this State; 3) hires employees from outside the State; 4) purchases a majority of its goods, equipment and supplies outside the state for use at the Center; and 5) contemplates payment in part by Medicare or Medicaid. Although these factors could evidence the Center's involvement in interstate commerce, we find that their relationship to the agreement between the Center and the respondent is insufficient to form the basis of the contract between the parties.

Accordingly, we hold that the purported arbitration agreement is unenforceable under Section 15-48-10 and that the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, is inapplicable. We affirm the circuit court's denial of appellant's motion to dismiss.

Affirmed.

HARWELL, C.J., and CHANDLER and TOAL, JJ., concur.

MOORE, J., not participating.