570 S.E.2d 565

**Rebecca M. BLANTON, Respondent,**

v.

**Jimmy P. STATHOS, Appellant.**

No. 3553.

Court of Appeals of South Carolina.

Heard Sept. 11, 2002.

Decided Sept. 30, 2002.

---

536

James M. Robinson, of Easley, for Appellant.

Craig H. Allen, of Greenville, for Respondent.

ANDERSON, J.:

Jimmy P. Stathos appeals the Circuit Court's finding that the agreement between him and Rebecca M. Blanton involves interstate commerce and, therefore, is subject to the Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 2 (1970). We affirm.

### *FACTS/PROCEDURAL BACKGROUND*

Stathos contracted with Blanton, whereby Blanton agreed to provide design, drawing, and architectural services for Stathos in the construction of a restaurant in Seneca, South Carolina. The contract was a standard American Institute of Architects ("AIA") contract, which contained a clause providing for the arbitration of disputes. Both parties agree the contract does not contain the notice of arbitration required by S.C.Code Ann. § 15–48–10(a) (Supp.2001).

Blanton began drafting the designs and drawings for the construction of the restaurant. In performing this service,

she consulted with several out-of-state companies regarding specifications of components that would be required for the project. However, prior to Blanton's completion of her duties under the contract, Stathos terminated the contract. Procurement of the materials and construction of the restaurant had not begun at the time of the breach of contract.

Blanton submitted her claim to the American Arbitration Association pursuant to the terms of the arbitration provision of the AIA contract. Notice was served on Stathos by certified mail. Stathos did not reply to the notice nor did he participate in the arbitration process. The arbitrator awarded Blanton her requested damages of $9,669.80 and assessed Stathos $243.98 in arbitrator's fees.

Blanton, *pro se,* filed a copy of the arbitration award with the Pickens County Clerk of Court. The award was erroneously entered on the Judgment Roll. Thereafter, Stathos filed a Motion to be Relieved from Judgment, and Blanton filed a Motion for Confirmation of the Arbitration Award.

The Circuit Court found the contract between Stathos and Blanton evidenced a transaction involving interstate commerce and concluded the FAA applied. Stathos' Motion to be Relieved from Judgment was denied and Blanton's Motion for Confirmation of the Arbitration Award was granted. The Circuit Court judge entered a judgment in favor of Blanton for the $9,669.80 awarded by the arbitrator, plus the $243.98 in arbitrator's fees. Stathos' Motion to Reconsider was denied.

### LAW/ANALYSIS

I. Section 15–48–10(a)

■ Stathos asserts the AIA contract does not meet the standard of the South Carolina Arbitration Act and its notice provision, which is found in § 15–48–10(a) (Supp.2001). We agree.

Section 15–48–10(a) requires:

Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration.

These elements are to be strictly adhered to in order to satisfy the notice requirements. *See Zabinski v. Bright Acres Assocs.,* 346 S.C. 580, 553 S.E.2d 110 (2001); *Soil Remediation Co. v. Nu–Way Envtl., Inc.,* 323 S.C. 454, 476 S.E.2d 149 (1996). No other variation is acceptable. *Zabinski,* 346 S.C. at 589, 553 S.E.2d at 114.

The contract in this case contains an arbitration clause for settling disputes. Both parties concede the contract contains no notice that it is subject to arbitration as required by section 15–48–10(a). Under South Carolina law, the arbitration provision would not be enforceable.

## II. The Preemption Mandate of FAA

The inquiry does not conclude with the application of South Carolina law. "Inextricably linked with the question of the applicability of section 15–48–10(a), is the impact of the FAA." *Zabinski v. Bright Acres Assocs.,* 346 S.C. 580, 590, 553 S.E.2d 110, 115 (2001). One must determine whether the federal act preempts the state requirements.

The FAA reads, in pertinent part:

A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2.

"The FAA preempts state laws that invalidate the parties' agreement to arbitrate '[b]ut it does not follow that the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the [FAA] itself.' " *Munoz v. Green Tree Fin. Corp.,* 343 S.C. 531, 538 n. 2, 542 S.E.2d 360, 363 n. 2 (2001) (quoting *Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). Relying on *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996), the South Carolina Supreme

Court, in *Soil Remediation Co. v. Nu–Way Envtl., Inc.*, 323 S.C. 454, 476 S.E.2d 149 (1996), determined § 15–48–10(a) conflicted with the FAA because it singled out arbitration agreements and rendered them invalid if its notice provisions were not strictly followed. *Soil Remediation Co.*, 323 S.C. at 459, 476 S.E.2d at 152. Concomitantly, the notice provision in § 15–48–10(a) is preempted by the FAA. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 553 S.E.2d 110 (2001).

■ We must now determine if the FAA applies to the contract in the case *sub judice*. The United States Supreme Court has held that the phrase "involving commerce" is the same as "affecting commerce," which has been broadly interpreted to mean Congress intended to utilize its powers to regulate interstate commerce to its full extent. *See Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). However, Stathos claims the contract does not evidence interstate commerce and, therefore, the FAA does not apply. We disagree.

■ "To ascertain whether a transaction involves commerce within the meaning of the FAA, the court must examine the agreement, the complaint, and the surrounding facts." *Zabinski*, 346 S.C. at 594, 553 S.E.2d at 117. Stathos argues, because construction had not yet begun, and all work was done by individuals residing in South Carolina, the contract did not evidence interstate commerce.

Yet, Blanton submitted an affidavit in which she asserted the contract affected interstate commerce. She stated that, in performing her duties of drafting and designing the plans for the restaurant, she communicated with various technicians outside of South Carolina. She had consultations with an HVAC subcontractor in Georgia, a truss manufacturer in Georgia, and a hood and exhaust manufacturer in North Carolina. Additionally, she maintained that all drafting and designs were done to meet national building codes and specifications.

As summarized by this Court in *Circle S. Enterprises, Inc. v. Stanley Smith & Sons*, 288 S.C. 428, 343 S.E.2d 45 (Ct.App. 1986):

In [*Episcopal Housing Corp. v. Federal Insurance Co.*, 269 S.C. 631, 239 S.E.2d 647 (1977)], the contract for the construction of a housing project for the elderly contained a provision for arbitration. The Court affirmed a Circuit Court order enforcing this provision of the contract under the Act, giving two reasons for holding that the contract evidenced a transaction involving commerce: (1) contract documents referred to equipment and materials to be furnished from outside South Carolina as well as subcontractors which were from outside this state, and (2) the nature of the project and the actual work to be performed were sufficient to give notice that materials, equipment and supplies from outside South Carolina would be required.

*Id.* at 430–31, 343 S.E.2d at 46.

Blanton averred that her "design and drawings contemplated the purchase or acquisition of materials and labor from states other than South Carolina, particularly the state of Georgia, due to the proximity of Seneca to the state of Georgia." Importantly, she explained:

[T]he restaurant plans designed, drawn, and submitted by [Blanton] to Mr. Stathos pursuant to the contract not only contemplated the use of materials manufactured outside the state of South Carolina, but realistically the project could not be constructed without the use of materials in interstate commerce.

Stathos did not dispute Blanton's affidavit. The nature of the project and the affidavit by Blanton are sufficient to uphold the decision of the Circuit Court that the contract evidences a transaction involving interstate commerce. Accordingly, we conclude the Circuit Court judge was correct in confirming the arbitration award.

### III. Procedural Due Process

Stathos contends that he did not receive due process in regard to the filing of the judgment emanating from the arbitration proceeding.

Due process is flexible and calls for such procedural protections as the particular situation demands. *Stono River Envtl. Protection Ass'n v. South Carolina Dep't of Health and Envtl. Control,* 305 S.C. 90, 406 S.E.2d 340 (1991); *Brown v.*

*Malloy,* 345 S.C. 113, 546 S.E.2d 195 (Ct.App.2001). Procedural due process mandates that a litigant be placed on notice of the issues which the court is to consider. *Murdock v. Murdock,* 338 S.C. 322, 526 S.E.2d 241 (Ct.App.1999). The Due Process Clause demands notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Murdock,* 338 S.C. at 334, 526 S.E.2d at 248. It is a fundamental doctrine of the law that a party whose personal rights are to be affected by a personal judgment must have a day in court, or opportunity to be heard, and that without due notice and opportunity to be heard a court has no jurisdiction to adjudicate such personal rights. *Murdock,* 338 S.C. at 334, 526 S.E.2d at 248. A judgment by a court without jurisdiction of both the parties and the subject matter is a nullity and must be so treated by the courts whenever and for whatever purpose it is presented and relied on. *Id.*

 Procedural due process requires notice, the opportunity to be heard in a meaningful way, and judicial review. *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); *Cameron & Barkley Co. v. South Carolina Procurement Review Panel,* 317 S.C. 437, 454 S.E.2d 892 (1995); *Universal Benefits, Inc. v. McKinney,* 349 S.C. 179, 561 S.E.2d 659 (Ct.App.2002). Procedural due process contemplates notice, a reasonable opportunity to be heard, and a fair hearing before a legally constituted impartial tribunal. *South Carolina Dep't of Health and Envtl. Control v. Armstrong,* 293 S.C. 209, 359 S.E.2d 302 (Ct.App.1987). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *South Carolina Dep't of Social Servs. v. Holden,* 319 S.C. 72, 459 S.E.2d 846 (1995).

Stathos received procedural due process to the fullest extent in the hearing conducted by the Circuit Court judge on the motion by Blanton to confirm the arbitration award.

## *CONCLUSION*

We rule the contract between Blanton and Stathos evinces a transaction involving commerce for essentially the same rea-

sons as the contracts in *Circle S. Enterprises v. Stanley Smith & Sons,* 288 S.C. 428, 343 S.E.2d 45 (Ct.App.1986), and *Episcopal Housing Corp. v. Federal Insurance Co.,* 269 S.C. 631, 239 S.E.2d 647 (1977). We hold the nature of the project, as well as Blanton's reliance on expertise from individuals outside of South Carolina, demonstrate a transaction involving interstate commerce. Apodictically, the FAA applies to the contract, thereby trumping the South Carolina notice provision, § 15–48–10(a). In addition, Stathos received procedural due process because, in a hearing before the Circuit Court judge, he was given a reasonable opportunity to be heard at a meaningful time and in a meaningful manner. We conclude the provision compelling arbitration is enforceable. Accordingly, the judgment of the Circuit Court is

**AFFIRMED.**

CONNOR and STILWELL, JJ., concur.