**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Joseph N. Grate, Appellant,

v.

Andrew J. Rodrigues, Respondent.

Appellate Case No. 2014-000621

---

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-163
Submitted February 1, 2015 – Filed March 25, 2015

---

**AFFIRMED**

---

Joseph N. Grate, of Pawleys Island, pro se.

Andrew J. Rodrigues, of Pawleys Island, pro se.

---

**PER CURIAM:** Joseph N. Grate appeals the trial court's dismissal of this case, arguing (1) the trial court erred by failing to address all causes of action in his complaint and by dismissing the case solely based upon the statute of limitations, (2) a judicial privilege defense to defamation is unavailable when a party provides irrelevant and erroneous information prior to and during a trial, and (3) he was denied due process because he was not given the opportunity to present his case

and the trial court was biased.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred by failing to address all causes of action in his complaint and by dismissing the case solely based upon the statute of limitations:  Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Rule 12(b)(6), SCRCP (providing a judgment on the pleadings may be granted if the complaint "fail[s] to state facts sufficient to constitute a cause of action"); *Parrish v. Allison*, 376 S.C. 308, 320, 656 S.E.2d 382, 388 (Ct. App. 2007) ("To recover for defamation, the plaintiff must establish by a preponderance of the evidence, that there was (1) a false and defamatory statement by the defendant concerning the plaintiff; (2) an *unprivileged* communication; (3) fault on the defendant's part in publishing the statement; and (4) either actionability of the statement irrespective of special harm or the existence of special harm to the plaintiff caused by the publication." (emphasis added)); *Baker v. Town of Sullivan's Island*, 279 S.C. 581, 583, 310 S.E.2d 433, 435 (Ct. App. 1983) ("An error not shown to be prejudicial does not constitute grounds for reversal.").

2.  As to the availability of the judicial privilege defense:  *Crawford v. Cent. Mortg. Co.*, 404 S.C. 39, 47, 744 S.E.2d 538, 542 (2013) ("[A]n appellate court need not address remaining issues when resolution of a prior issue is dispositive." (citing *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999))).

3.  As to whether the trial court was biased or denied Grate due process:  *Blanton v. Stathos*, 351 S.C. 534, 542, 570 S.E.2d 565, 569 (Ct. App. 2002) ("Procedural due process contemplates notice, a reasonable opportunity to be heard, and a fair hearing before a legally constituted impartial tribunal."); *id.* ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."); *Butler v. Sea Pines Plantation Co.*, 282 S.C. 113, 122-23, 317 S.E.2d 464, 470 (Ct. App. 1984) ("Generally, where bias and prejudice of a trial judge is claimed, the issue must be raised when the facts first become known and, in any event, before the matter is submitted for decision."); *id.* at 122, 317 S.E.2d at 470 ("The record must clearly show prejudice, bias, capricious disbelief or prejudgment.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.