**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Greenville Pharmaceutical Research, Inc., Appellant,

v.

Parham & Smith, LLC and Gerald H. Sokol, M.D., Defendants,

Of whom, Gerald H. Sokol, M.D., is the Respondent.

Appellate Case No. 2016-000569

———————

Appeal From Greenville County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-460
Submitted November 1, 2017 – Filed December 13, 2017

———————

**AFFIRMED**

———————

Franklin Milton Mann, Jr., of Franklin Milton Mann Jr. Attorney at Law, of Spartanburg, for Appellant.

T. David Rheney, of Gallivan, White & Boyd, PA, of Greenville, for Respondent.

———————

**PER CURIAM:** Greenville Pharmaceutical Research, Inc. (Greenville Pharmaceutical) appeals an order from the circuit court granting Dr. Gerald H.

Sokol's motion to dismiss. On appeal, Greenville Pharmaceutical argues the circuit court violated its due process rights by raising the issue of "witness immunity" for the first time during the hearing on Dr. Sokol's Rule 12(b)(6), SCRCP, motion. Greenville Pharmaceutical further argues the circuit court erred in dismissing its complaint because it properly pled the elements of common-law fraud. We affirm.[1]

We find the circuit court did not err in dismissing Greenville Pharmaceutical's complaint pursuant to Rule 12(b)(6), SCRCP. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the [circuit] court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))).

Initially, we find the circuit court did not violate Greenville Pharmaceutical's due process rights. Although not raised in any of the pleadings, the circuit court, sua sponte, raised the issue of "witness immunity" due to a lack of a private cause of action at the hearing of Dr. Sokol's 12(b)(6) motion. The circuit court gave Greenville Pharmaceutical several opportunities at the hearing to argue for the existence of a private cause of action against Dr. Sokol. The circuit court also informed Greenville Pharmaceutical of its option to file a motion to reconsider pursuant to Rule 59(e), SCRCP, and Greenville Pharmaceutical filed a motion to reconsider. Thus, we find the circuit court did not violate Greenville Pharmaceutical's due process rights. *See Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."); *Blanton v. Stathos*, 351 S.C. 534, 542, 570 S.E.2d 565, 569 (Ct. App. 2002) ("Procedural due process mandates that a litigant be placed on notice of the issues which the court is to consider."); *Olson v. S.C. Dep't of Health and Envtl. Control*, 379 S.C. 57, 69, 663 S.E.2d 497, 503-04 (Ct. App. 2008) ("Procedural due process requirements are not technical, and no particular form of procedure is necessary."); *id.* at 69, 663 S.E.2d at 504 ("Rather, due process is flexible and calls for such procedural protections as the particular situation demands.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Moreover, we find the circuit court could have dismissed Greenville Pharmaceutical's claim pursuant to Rule 12(b)(6), SCRCP, on the ground Greenville Pharmaceutical failed to plead facts with particularity sufficient to constitute a cause of action for common-law fraud. *See* Rule 12(b)(6), SCRCP (stating a defendant may move for dismissal based on a failure to state facts sufficient to constitute a cause of action); *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011) ("In order to establish a claim for fraud in the inducement to enter a contract, a party must establish the following by clear and convincing evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury."); Rule 9(b), SCRCP ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); *Winburn v. Ins. Co. of N. Am.*, 287 S.C. 435, 440, 339 S.E.2d 142, 145 (Ct. App. 1985) ("The false representation, however, must be one of fact as distinguished from the mere expression of an opinion.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**