**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hicks Unlimited, Inc., Respondent,

v.

UniFirst Corporation, A Massachusetts Corporation, Appellant.

Appellate Case No. 2018-000468

———————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-289
Heard November 3, 2020 – Filed August 4, 2021

———————

**REVERSED**

———————

Ian Douglas McVey, of Turner, Padget, Graham & Laney, PA, of Columbia, and Jude C. Cooper, of Becker & Poliakoff, of Fort Lauderdale, Florida, for Appellant.

James S. Eakes, of Allen & Eakes, and David James Brousseau, of McIntosh, Sherard, Sullivan & Brousseau, both of Anderson, for Respondent.

———————

**PER CURIAM:** In this contract dispute, UniFirst Corporation (UniFirst) alleges the trial court erred in denying its motion to compel arbitration against Hicks Unlimited, Inc. (Hicks). We reverse.

## FACTS/PROCEDURAL HISTORY

In 2006, the parties signed a "Flame Resistant Garment Agreement" (Contract) for UniFirst to provide fire retardant overalls for Hicks's employees at the Michelin plant in Anderson County. UniFirst is a Massachusetts corporation doing business in South Carolina. Hicks is a South Carolina corporation. UniFirst claims the fire retardant garments it provided to Hicks were purchased in Kentucky and shipped from Kentucky to South Carolina. The original term of the Contract was for five years, and the Contract stated it would be renewed "automatically and continuously for multiple and successive [five-year] periods unless [Hicks] or UniFirst gives written notice of non-renewal to the other at least ninety days prior to the next expiration date." The parties operated under the Contract for ten to eleven years. Hicks became dissatisfied towards the end of the first five years and stopped paying UniFirst after the second five years.[1] The Contract included an arbitration clause that stated it was governed by the Federal Arbitration Act (FAA). The relevant portion of the Contract under "Obligations and Remedies" states:

> All disputes of whatever kind between [Hicks] and UniFirst based upon past, present or future acts, whether known or unknown, and arising out of or relating to the negotiation, formation or performance of this Agreement shall be resolved exclusively by final and binding arbitration. The arbitration shall be conducted in the capital city of the state where [Hicks] has its principal place of business . . . pursuant to the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association and shall be governed by the Federal Arbitration Act. [Hicks] acknowledges that, with respect to all such disputes, it has voluntarily and knowingly waived any right it may have to a jury trial . . . . This paragraph shall be governed by New York law (exclusive of choice of law).

---

[1] Hicks alleged it tried to terminate the Contract after the first five years but it did not realize there was a written notice provision. Hicks stated in its complaint that it terminated the Contract prior to the conclusion of the second five years.

UniFirst initiated arbitration proceedings in 2017.  Hicks refused arbitration and filed an action for declaratory judgment to determine the rights of the parties under the Contract.  Hicks claimed it never agreed to arbitration and stated the terms of the Contract are "illegal, unconscionable, and unenforceable."  Hicks stated the Contract "is not, and never was, subject to mandatory arbitration since it did not contain the required notice provision" of section 15-48-10(a) of the South Carolina Code (2005).   Hicks sought a declaration and judgment that UniFirst's claim and the underlying contract are not subject to arbitration.  Hicks claimed UniFirst had no contractual right to compel arbitration.

UniFirst alleged in its answer that the Contract as drafted and performed constituted interstate commerce and, therefore, the FAA applied.  It stated the Contract was a "business to business, arm's length transaction."  UniFirst further claimed in its answer that the parties operated under the Contract for ten years and Hicks "received notice each week from UniFirst that the service being provided to Hicks was being done pursuant to a written contract between the parties."  UniFirst argued that Hicks was "estopped from claiming  . . . the contract did not represent a meeting of the minds."  The answer further stated there was "no allegation that the arbitration agreement was procured by fraud or that the signor to the contract lacked the authority to bind the company.  UniFirst further argued, "[a]s a matter of law, the dispute as framed by the Complaint . . . must be decided by an arbitrator, not a court."  UniFirst claimed the trial court should compel arbitration of the dispute.

The trial court heard Hicks's motion to stay arbitration and UniFirst's motion to compel arbitration in November 2017.  The trial court found the Contract did not involve interstate commerce, noting the Contract was entered into in Anderson County, and the delivery of the garments was from Greenville County. The trial court stated the FAA did not apply to the Contract and consequently found that the Contract did not comply with the notice provisions of section 15-48-10(a).  The trial court further ruled that Hicks "should be able to raise whether or not it lacked a meaningful choice to arbitrate and that the arbitration provision was unconscionable and unenforceable on its face at a merits hearing."  The trial court denied UniFirst's motion to compel arbitration and stayed arbitration pending a hearing on the merits.

UniFirst filed a motion to alter or amend the trial court's order, noting that the case relied on by the trial court in determining whether the Contract involved interstate

commerce, *Timms v. Greene*[2], had been overruled in its entirety. UniFirst argued it is a Massachusetts corporation, with decisions controlled by a board of directors in Massachusetts. UniFirst claimed that payments from Hicks to UniFirst in South Carolina were forwarded to Massachusetts, and the rental garments were shipped from Kentucky to South Carolina. The trial court then issued an order citing updated case law but denying UniFirst's motion to reconsider.

**ISSUE**

Did the trial court err in denying UniFirst's motion to compel arbitration?

**STANDARD OF REVIEW**

"Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the circuit court's factual findings, this court will not overrule those findings." *Pearson v. Hilton Head Hosp.*, 400 S.C. 281, 286, 733 S.E.2d 597, 599 (Ct. App. 2012).

**LAW/ANALYSIS**

"[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration . . . [A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24– 25 (1983). "Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts." *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005).

"Unless the parties have contracted to the contrary, the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction." *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538-39, 542 S.E.2d 360, 363 (2001) (footnote omitted). "To ascertain whether an arbitration agreement implicates interstate commerce and the FAA, the court must examine the agreement, the complaint, and the surrounding facts, focusing particularly on what the terms of the contract specifically require for performance. This is generally a very fact-specific inquiry." *Dean v. Heritage Healthcare of*

---

[2] 310 S.C. 469, 427 S.E.2d 642 (1993) overruled by *Dean v. Heritage Healthcare of Ridgeway, LLC*, 408 S.C. 371, 759 S.E.2d 727 (2014).

*Ridgeway, LLC*, 408 S.C. 371, 380, 759 S.E.2d 727, 732 (2014) (internal citations and quotation marks omitted).

Here, when focusing particularly on what the terms of the Contract specifically require for performance, we find it implicates interstate commerce and the FAA. The provision of uniforms for Hicks's workers in the Michelin plant in Anderson County is the sole subject of the Contract. The payment for the uniforms was received and deposited by UniFirst in Massachusetts. The uniforms were purchased by UniFirst in Kentucky and sent from Kentucky to Anderson County. UniFirst's headquarters and board of directors in Massachusetts controlled the decisions of the corporation regarding its business in South Carolina. Therefore, we find the terms of the Contract implicate interstate commerce. *See Dean*, 408 S.C. at 381, 759 S.E.2d at 732-33 (noting that meals and medical supplies must be considered because the residency agreement specifically required Appellants provide these goods and supplies); *Blanton v. Stathos*, 351 S.C. 534, 541, 570 S.E.2d 565, 569 (Ct. App. 2002) (determining that a contract for design and architectural services in the construction of a restaurant in South Carolina involved interstate commerce); *Soil Remediation Co. v. Nu–Way Envtl., Inc.*, 323 S.C. 454, 461, 476 S.E.2d 149, 152-53 (1996) (holding interstate commerce involved in contract requiring removal of water and sludge from property in South Carolina to a facility in North Carolina).

The trial court found Hicks's claim that the Contract is unconscionable and unenforceable should be raised in a hearing on the merits. We disagree.

> General contract principles of state law apply in a court's evaluation of the enforceability of an arbitration clause. In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them. In making this determination, courts must consider that [t]he policies of the United States and this State favor arbitration of disputes. Accordingly, [t]here is a strong presumption in favor of the validity of arbitration agreements.

*Carlson v. S.C. State Plastering, LLC.*, 404 S.C. 250, 258-59, 743 S.E.2d 868, 873 (Ct. App. 2013) (internal citations and quotation marks omitted).  We agree with UniFirst's argument that Hicks has attacked the enforceability of the entire Contract, and not specifically the arbitration clause.  Hicks claims it was unaware of all the provisions of the Contract because they were on the back of the agreement.  Hicks's argument links the damages clause of the Contract to the arbitration clause.  "[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006).

Accordingly, because we find the Contract evidenced a transaction involving interstate commerce and the FAA, the decision of the trial court denying UniFirst's motion to compel arbitration is

**REVERSED.**

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**