**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph N. Grate, Appellant,

v.

Christopher Douglas Brown, Respondent.

Appellate Case No. 2022-000017

―――――――――――

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2025-UP-026
Submitted January 1, 2025 – Filed January 29, 2025

―――――――――――

**AFFIRMED**

―――――――――――

Joseph N. Grate, of Pawley's Island, pro se.

Richard Carson Thomas and Matthew G. Gerrald, both of Barnes Alford Stork & Johnson, LLP, of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Joseph N. Grate appeals the circuit court's order denying his motion for recusal and dismissing his appeal. On appeal, he argues the circuit court erroneously denied his motion for recusal, which the interests of justice

required be granted, and dismissed his appeal for failing to file his notice of appeal with the magistrate's court.  We affirm pursuant to Rule 220(b), SCACR.[1]

1.  We hold the circuit court did not err in denying Grate's motion for recusal because Grate did not show any particular bias of the judge and only alleged recusal was "in the interest of [j]ustice."  *See Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("[I]f there is no evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal."); *Davis v. Parkview Apartments*, 409 S.C. 266, 284, 762 S.E.2d 535, 545 (2014) ("Pursuant to Canon 3(E)(1) of the Judicial Code of Conduct, '[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . .'" (quoting Canon 3(E)(1), Rule 501, SCACR)); *Ellis v. Proctor & Gamble Distrib. Co.*, 315 S.C. 283, 285, 433 S.E.2d 856, 857 (1993) ("[Appellate courts] accord great weight to the trial judge's assurance of his own impartiality."); *Patel*, 359 S.C. at 524, 599 S.E.2d at 118 ("It is not sufficient for a party seeking disqualification to simply allege bias; the party must show some evidence of bias or prejudice."); *Payne v. Holiday Towers, Inc.*, 283 S.C. 210, 217, 321 S.E.2d 179, 183 (Ct. App. 1984) ("When no evidence is presented other than prior appearances by a party which resulted in 'adverse' rulings by the judge, the judge is not required to recuse himself.").

2.  We hold the circuit court did not err in dismissing Grate's appeal because Grate did not file his notice of appeal with the magistrate's court.  *See DeWitt v. S.C. Dep't of Highways & Pub. Transp.*, 274 S.C. 184, 186, 262 S.E.2d 28, 29 (1980) ("A circuit court's jurisdiction over a magistrate court's judgment is appellate in nature."); *id.* ("[A] circuit [court] cannot reverse a magistrate's judgment when the appellant has failed to serve on the magistrate the proper notice and grounds of appeal within the prescribed time limits."); Rule 18(a), SCRMC ("[A] party

---

[1] Insofar as Grate argues the circuit court erred in not considering Rule 74 of the South Carolina Rules of Civil Procedure and the Administrative Procedure Act, we hold these issues are not preserved for appellate review because Grate did not make these arguments to the circuit court.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").  We also hold Grate's issues concerning the conduct by a court reporter are abandoned because he did not include any arguments concerning these issues in his brief.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding when an appellant "fails to provide arguments or supporting authority," he is "deemed to have abandoned th[e] issue").

wishing to appeal [any judgment rendered by the magistrate's court] shall serve on the respondent and file a notice of appeal . . . with the magistrate rendering the judgment . . . ."); Rule 74, SCRCP ("In [appeals to the circuit court] the notice of intention to appeal shall be filed . . . with the inferior court or administrative agency or tribunal . . . for service of the notice of the intention to appeal."). We find no merit in Grate's contention that he was not given an opportunity to argue against dismissal because the circuit court asked Grate if he filed his appeal with the magistrate's court and Grate indicated he was unsure if he did. *See Blanton v. Stathos*, 351 S.C. 534, 542, 570 S.E.2d 565, 569 (Ct. App. 2002) ("Procedural due process requires notice, the opportunity to be heard in a meaningful way, and judicial review."); *id.* at 543, 570 S.E.2d at 570 (holding an individual "was given a reasonable opportunity to be heard at a meaningful time and in a meaningful manner" during a hearing before the circuit court).

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.