607 S.E.2d 354

**John DOE, Appellant,**

v.

**Gedney M. HOWE, III, and Gedney M. Howe, III, P.A., Respondent.**

**No. 3896.**

Court of Appeals of South Carolina.

Heard Oct. 13, 2004.

Decided Nov. 22, 2004.

Rehearing Granted in Part Jan. 25, 2005.

Desa A. Ballard, of West Columbia, for Appellant.

M. Dawes Cooke, Jr., of Charleston, for Respondent.

KITTREDGE, J.:

John Doe filed an action for breach of fiduciary duty and professional negligence against Gedney M. Howe, III and Gedney M. Howe, III, P.A. (collectively, "Howe"). Doe filed a motion for confidentiality seeking permission from the circuit court to proceed anonymously, which was denied. Doe appeals, and we reverse.

## FACTS

Doe was previously represented by Howe and his brother Donald H. Howe in connection with a civil claim against Porter Gaud School and others relating to allegations of sexual abuse by an employee of the school, Eddie Fischer.[1] Doe attended Porter Gaud from 1968 through 1980. The alleged abuse occurred from 1977 until 1982, two years after his graduation from Porter Gaud. In 1999, Howe agreed to represent Doe in the civil action against the Porter Gaud defendants. When the action was filed Doe was 36 years old. Doe's legal counsel recognized two potential impediments to a favorable judgment. The first and primary concern dealt with the statute of limitations, and the second hurdle dealt with a potential immunity defense. Because of these problems, counsel pursued, with Doe's consent, settlement negotiations. These negotiations resulted in a settlement agreement. On May 24, 2000, Doe signed a "Confidential Settlement Agreement and Release" settling all past, current, and future claims against Porter Gaud, in exchange for what Doe characterizes as "a modest payment of money. . . ."

In November 2000, another former student who claimed to have been sexually abused by Fischer, brought an action against Porter Gaud. That case proceeded to a jury trial, resulting in a verdict for over one hundred million dollars. Doe responded to news of the jury verdict by contacting

---

1. It appears that Donald Howe was Doe's primary counsel, although the allegations in connection with the malpractice claim are primarily directed against Gedney Howe.

Donald Howe to discuss the possibility of setting aside his settlement. Donald Howe ultimately informed Doe that the settlement was final, and there was no basis to set aside the settlement agreement.

Doe filed a complaint asserting causes of action for breach of fiduciary duty and professional negligence against Howe. Doe subsequently filed a motion of confidentiality asking the circuit court to issue an order "requiring the parties and their counsel, and any expert witnesses who may be consulted or designated by the parties, from directly or indirectly divulging the true identity of the plaintiff in this matter, until further order of the Court." The motion states, "it is the interests of justice that he be permitted to proceed in this matter confidentially, *at least in the pretrial phases,* in order to protect him from embarrassment, harassment, or divulging of personal information." (emphasis added). Doe's counsel confirmed at the motion hearing that Doe's request for anonymity was limited to the pretrial proceedings.

Following a hearing, the circuit court issued an order denying the motion. The circuit court order acknowledged that in the course of the Porter Gaud litigation, victims and witnesses were permitted to use pseudonyms but found the issues in this case "entirely different from the Porter Gaud litigation." On a motion for reconsideration, the circuit court affirmed its previous order denying the motion to proceed anonymously. This appeal followed.

## STANDARD OF REVIEW

■ This court will be bound by the factual findings of the trial court made in response to motions preliminary to trial where the findings are supported by evidence and not clearly wrong or controlled by error of law. *City of Chester v. Addison,* 277 S.C. 179, 182, 284 S.E.2d 579, 580 (1981); *Askins v. Firedoor Corp. of Florida,* 281 S.C. 611, 615, 316 S.E.2d 713, 715 (Ct.App.1984).

## LAW/ANALYSIS

■ The single issue raised on appeal is whether the circuit court erred in denying Doe's motion to proceed anonymously. However, we are first confronted with whether this

interlocutory order is immediatey appealable. A fundamental rule of appellate procedure is that a judgment or order must usually be final before it can be appealed. *See Culbertson v. Clemens,* 322 S.C. 20, 23, 471 S.E.2d 163, 164 (1996) ("As a general rule, only final judgments are appealable."). Rule 201(a) SCACR, provides that an: "[a]ppeal may be taken, as provided by law, from any final judgment or appealable order." Section 14–3–330 of the South Carolina Code (1991) defines categories of appealable judgments and codifies the final judgment rule. "Final judgment" is a term of art referring to the disposition of all the issues in the case. *Link v. Sch. Dist. of Pickens County,* 302 S.C. 1, n. 3, 393 S.E.2d 176, n. 3 (1990).

Certain interlocutory orders are, however, immediately appealable. An interlocutory order is appealable if it falls into one of a few, limited categories of appealable judgments or orders. S.C.Code Ann. § 14–3–330 (Supp.2003); *Woodard v. Westvaco Corp.,* 319 S.C. 240, 242, 460 S.E.2d 392, 393 (1995) (overruled on other grounds by *Sabb v. South Carolina State Univ.,* 350 S.C. 416, 567 S.E.2d 231 (2002)). Whether the denial of a request to proceed anonymously is immediately appealable is an issue of first impression in South Carolina.

The final judgment rule serves the laudatory goal of preventing piecemeal review of matters that are merely steps toward a final judgment. In light of the policy underpinnings of the final judgment rule, exceptions should be recognized cautiously.

 Federal courts have addressed the issue of the appealability of such orders, holding that the refusal "to allow parties to proceed anonymously at trial is 'separate from and collateral to' the merits of the action.'" *James v. Jacobson,* 6 F.3d 233, 237 (4th Cir.1993) (citing *Doe v. Stegall,* 653 F.2d 180 (5th Cir.1981) and *S. Methodist Univ. Ass'n v. Wynne & Jaffe,* 599 F.2d 707 (5th Cir.1979)). Under the collateral order analysis employed by the federal courts, the order is appealable if it (1) conclusively determines the question, (2) resolves an important question independent of the merits, and (3) is effectively unreviewable on appeal from a final judgment. *Id.,* 653 F.2d at 236.

We are persuaded that the denial of Doe's motion to proceed anonymously meets the criteria for appellate review. The decision conclusively determines the question, is a question independent of the merits of the litigation and would be effectively unreviewable on final appeal once Doe's true identity was revealed. The order denying Doe's motion to proceed anonymously prior to trial has the effect of revealing his identity, the very thing he was seeking to keep confidential. Therefore, we find that the order is immediately appealable and address whether the circuit court erred in denying Doe's motion to proceed anonymously.

Our courts have long recognized the need for confidentiality in cases dealing with sensitive and personal subject matter. In cases involving the sexual abuse of children, the courts have judicially protected the names of the victims. *See Doe by Roe v. Orangeburg County Sch. Dist.*, 335 S.C. 556, 518 S.E.2d 259 (1999); *Doe by Doe v. Greenville Hosp. Sys.*, 323 S.C. 33, 448 S.E.2d 564 (Ct.App.1994). Additionally, the names of victims of criminal sexual conduct are prohibited by law from being publicly disclosed in news media. *See* S.C.Code Ann. § 16–3–730 (2003) ("Whoever publishes or causes to be published the name of any person upon whom the crime of criminal sexual conduct has been committed or alleged to have been committed in this State in any newspaper, magazine or other publication shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars or imprisonment of not more than three years.").

■ There is no litmus test in South Carolina to determine whether a litigant in a civil proceeding should be allowed to proceed anonymously. We believe that the better practice is one which avoids a rigid, formulaic approach, thereby allowing the trial courts a degree of flexibility in this fact-sensitive area. In the present case, we find the factors utilized in the Fourth Circuit provide appropriate guidance:

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.[2]

*James v. Jacobson,* 6 F.3d at 238 (emphasis added); *America Online, Inc. v. Anonymous Publicly Traded Company,* 261 Va. 350, 363, 542 S.E.2d 377, 384 (2001) (citing *James v. Jacobson* ) (trial court considered enumerated factors and permitted the plaintiff to proceed anonymously "to avoid annoyance and criticism that may attend any type of litigation" and "to preserve privacy in a matter or sensitive and highly personal nature").

The decision to proceed anonymously is committed to the discretion of the trial court. Though there is a presumption of openness of judicial proceedings, it operates "only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobson,* 6 F.3d at 238.

 We agree with Doe that the circuit court erred in finding that the underlying facts of the sexual abuse claims "are not the focus of this particular litigation." The court found that "[p]ursuing the malpractice cause of action does not require [Doe] to publish his personal life and sexual history indiscriminately. The allegations of sexual abuse are peripheral to the malpractice allegations." The record does not support this finding. Here, Howe's defense to the claims of professional negligence and breach of fiduciary duty requires an examination of the merits of the original sexual abuse claims against Porter Gaud. In effect, it requires a "trial within a trial." The record includes Doe's deposition in which the times, places, and sexual acts that were the basis of the claim against Porter Gaud appear. Clearly, the malpractice case cannot be litigated in a vacuum. It is readily apparent

---

2. We cite these factors as a nonexclusive list, and recognize that on a case-by-case basis other factors may require consideration.

that revealing Doe's identity would likely cause the harm and social stigmatization he understandably seeks to avoid. Doe has established the need to "preserve privacy in a matter of [a] sensitive and highly personal nature." *Id.*

Furthermore, the order of the circuit court found that "[t]he sexual assaults in the underlying claim for which Defendants represented him occurred many years ago." Answers in the deposition belie the suggestion that the mere passage of time removes the claimed embarrassment and humiliation purportedly suffered by Doe. While the passage of time may be an appropriate factor in the judge's analysis, it is not dispositive and in this case, it carries little weight in advancing Howe's efforts to compel Doe to disclose his identity.

We conversely discern no prejudice or "risk of unfairness" to Howe in allowing Doe to proceed anonymously in the "pretrial phases." [3] Howe has failed to demonstrate that his ability to conduct further discovery or otherwise prepare for trial will be hindered by allowing Doe to proceed anonymously prior to trial.[4]

## CONCLUSION

We are firmly persuaded that the general presumption of public identification of parties should yield under the record before us to Doe's request that he be permitted to proceed anonymously prior to trial. Accordingly, the decision of the circuit court is

REVERSED.

HEARN, C.J., and HUFF, J., concur.

---

**3.** This is the relief sought by Doe in his motion in the circuit court, and this is the relief he will receive as a result of our reversal of the circuit court. The matter of additional relief is not before us.

**4.** It was disclosed at oral argument that Howe has been granted summary judgment on Doe's malpractice complaint. We are further informed that Doe has appealed the grant of summary judgment. Doe's appeal from the denial of his motion to proceed anonymously remains a justiciable controversy, and the present appeal is not rendered moot by the grant of summary judgment to Howe.