707 S.E.2d 397

Joseph STINNEY and Cynthia Stinney, Individually and as Parents and Natural Guardians of Maurice Stinney, a minor over the age of fourteen years, and Marquis Stinney, Respondents,

v.

SUMTER SCHOOL DISTRICT 17, Petitioner.

No. 26928.

Supreme Court of South Carolina.

Heard Dec. 1, 2010.
Decided Feb. 14, 2011.

548

Robert T. King, of Willcox, Buyck & Williams, of Florence, for Petitioner.

Dwight Christopher Moore, of Moore Law Firm, of Sumter, for Respondents.

Chief Justice TOAL.

Maurice and Marquise Stinney were expelled from Sumter High School for being involved in a fight with other students. After appealing the expulsions up to the Board of Trustees (the Board), Joseph and Cynthia Stinney (the Stinneys), Maurice's and Marquise's parents, filed a suit in circuit court against Sumter School District 17 (the District) for violating Maurice's and Marquise's due process rights, among other claims. The circuit court granted the District's motion for summary judgment on the due process claim, finding the Stinneys failed to exhaust their administrative remedies. The court of appeals reversed, and this Court granted the District's petition for a writ of certiorari.

## FACTS/PROCEDURAL BACKGROUND

In September 2003, Maurice and Marquise Stinney were expelled from Sumter High School for their involvement in a fight with two other students. The District superintendent and the Board both upheld the expulsions upon appeal, in October 2003 and November 2003, respectively. Maurice and Marquise had the right to appeal the Board's decision to the circuit court but they did not.

Nearly two years later, the Stinneys brought a suit against the District in circuit court, alleging, among other causes of action, the District's actions or inactions regarding the expulsions violated Maurice's and Marquise's due process rights. The circuit court granted the District's motion for summary judgment as to the due process claim because the Stinneys failed to exhaust their administrative remedies by not appealing to the circuit court. The court of appeals reversed,

holding the Stinneys had exhausted their administrative remedies. *Stinney v. Sumter School District 17*, 382 S.C. 352, 359–60, 675 S.E.2d 760, 764 (Ct.App.2009). This Court granted a writ of certiorari to review that decision.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and it is clear that the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. When reviewing a grant of summary judgment, the appellate court applies the same standard applied by the trial court. *Fleming v. Rose*, 350 S.C. 488, 567 S.E.2d 857 (2002).

## ANALYSIS

The District argues the court of appeals erred in failing to affirm summary judgment as to the due process claim. We agree.

The circuit court granted summary judgment on the Stinneys' due process claim because they failed to exhaust their administrative remedies as to that claim. This was legal error.[1] Regardless, we find that the Stinneys were afforded

---

1. Both the circuit court and the court of appeals erred in applying the doctrine of exhaustion of administrative remedies in this case. The doctrine of exhaustion of administrative remedies only applies when a litigant invokes the original jurisdiction of the circuit court to adjudicate a claim based upon a statutory violation for which the legislature has provided an administrative remedy. *Thomas Sand Co. v. Colonial Pipeline Co.*, 349 S.C. 402, 563 S.E.2d 109 (Ct.App.2002). When an administrative remedy is not available for the injury suffered, the doctrine of exhaustion is not applicable. *Id.* Here, the claim before the Board was an appeal of the expulsions—the Stinneys were seeking to have the expulsions reversed. The Stinneys did not appeal the Board's decision upholding the expulsions to the circuit court. Instead, they initiated a new suit in the circuit court seeking damages and alleging negligence, violations of due process, and failure to follow disciplinary procedures. This new suit was a tort claim, not a statutory violation for which the legislature has provided an administrative remedy. For that reason, exhaustion simply is inapplicable to the new suit. This conclusion does not indicate that any litigant in an administrative process can bring a tort suit to collaterally attack the findings of the administrative bodies. Res judicata still applies in the administrative setting, and such determinations may bar subsequent litigation. *See Earle v. Aycock*, 276

all process that was constitutionally due and affirm the grant of summary judgment.

■ The United States Supreme Court has said the fundamental touchstone of due process is the opportunity to be heard. *Goss v. Lopez,* 419 U.S. 565, 579, 95 S.Ct. 729, 739, 42 L.Ed.2d 725 (1975). The Supreme Court further stated that the type of hearing required to be provided will depend upon the nature of the case. *Id.* at 579, 95 S.Ct. at 738. For example, in *Goss,* the Supreme Court held a public school student facing a short-term suspension need only be provided with notice of the claims against him and an opportunity to explain his side of the facts, and was not constitutionally guaranteed a full adversarial hearing. *Id.* at 581, 95 S.Ct. at 740.

Expulsion is a more serious disciplinary action than is suspension. Accordingly, the procedures and protections given to the accused student should be greater than the informal, immediate hearing that was authorized in *Goss.*

Without deciding the constitutional minimum that must be given in these circumstances, we find those procedures and protections outlined in section 59–63–240 to be constitutionally sufficient. The statute reads, in pertinent part:

> If procedures for expulsion are initiated, the parents or legal guardian of the pupil shall be notified in writing of the time and the place of a hearing either before the board or a person or committee designated by the board. At the hearing the parents or legal guardian shall have the right to legal counsel and to all other regular legal rights including the right to question all witnesses.

S.C.Code Ann. § 59–63–240 (2004). This statute affords notice, the opportunity to be heard, the right to be represented by counsel, and the right to present evidence and question witnesses. The record shows the Stinneys were provided with the process established in the statute. The Stinneys chose not to be represented by counsel during the initial hearing, and the fact that they did not present evidence or exercise their

---

S.C. 471, 475, 279 S.E.2d 614, 616 (1981) (administrative decision can have preclusive effect in collateral litigation).

statutory right to question witnesses does not create a procedural due process violation.

## CONCLUSION

■ This Court can affirm for any reason appearing in the record. Rule 220(c), SCACR; *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 418, 526 S.E.2d 716, 722 (2000). Accordingly, we hold the Stinneys were provided with due process, and we reverse the court of appeals and affirm the circuit court's grant of summary judgment as to the Stinneys' due process claim.

PLEICONES, BEATTY, KITTREDGE, JJ., and Acting Justice DOROTHY MOBLEY JONES, concur.