**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Patricia E. King and Robbie King Jones, as representatives of W.R. King and Ellen King, Plaintiffs,

Of Whom Patricia E. King is the Appellant,

v.

Margie B. King and Robbie Patricia Ione King, individually and as co-personal representatives of the Estate of Christopher C. King, deceased, and Nelson M. King, Respondents.

Appellate Case No. 2015-002289

———————

Appeal From Chester County
James C. Harrison, Jr., Special Referee

———————

Unpublished Opinion No. 2018-UP-128
Submitted September 1, 2017 – Filed March 21, 2018

———————

**AFFIRMED**

———————

Kenneth B. Wingate and John Earle Tyler, both of Sweeny Wingate & Barrow, PA, of Columbia, for Appellant.

Margie B. King, Robbie Patricia Ione King, and Nelson M. King, all of Rock Hill, pro se.

**PER CURIAM:** Patricia E. King appeals an order by the special referee awarding Respondents use of the business name "King's Funeral Home," arguing the special referee erred by granting such relief because (1) Respondents did not seek it and she was therefore denied due process, (2) factual findings in a prior order, which was affirmed on appeal, precluded the award under the law of the case doctrine, and (3) Respondents failed to exhaust administrative remedies. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *Blanton v. Stathos*, 351 S.C. 534, 541, 570 S.E.2d 565, 569 (Ct. App. 2002) ("Due process is flexible and calls for such procedural protections as the particular situation demands."); *id.* at 542, 570 S.E.2d at 569 ("The Due Process Clause demands notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); Rule 54(c), SCRCP ("Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."); *Maybank v. BB&T Corp.*, 416 S.C. 541, 565, 787 S.E.2d 498, 510 (2016) ("In construing the South Carolina Rules of Civil Procedure, our [c]ourt looks for guidance to cases interpreting the federal rules."); *Robinson v. Lorillard Corp.*, 444 F.2d 791, 803 (4th Cir. 1971) (recognizing Rule 54(c), FRCP, "has been liberally construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the basis of the facts proved").

As to issue 2: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

As to issue 3: *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582-83 (1994) ("Whether administrative remedies must be exhausted is a matter within the trial [court]'s sound discretion and [its] decision will not be disturbed on appeal absent an abuse thereof."); *Stinney v. Sumter Sch. Dist. 17*, 391 S.C. 547, 550 n.1, 707 S.E.2d 397, 398 n.1 (2011) ("When an administrative remedy is not available for the injury suffered, the doctrine of exhaustion is not

applicable."); *id.* at 550 n.1, 707 S.E.2d at 398-99 n.1 ("This . . . suit was a tort claim, not a statutory violation for which the legislature has provided an administrative remedy. For that reason, exhaustion simply is inapplicable to the . . . suit.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.