# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Kenneth and Angela Hensley, on behalf of their minor child BLH, and all other similarly situated children, Petitioners,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2018-001351

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Spartanburg County
Brian M. Gibbons, Circuit Court Judge

Opinion No. 27941
Heard October 29, 2019 – Filed January 29, 2020

---

## VACATED AND DISMISSED

---

Timothy Ryan Langley and Charles J. Hodge, Hodge & Langley Law Firm, PC; and James Fletcher Thompson, James Fletcher Thompson, LLC; all of Spartanburg, for Petitioner.

Andrew F. Lindemann and Joel Steve Hughes, Lindemann, Davis & Hughes, PA, of Columbia, for Respondent.

---

**JUSTICE FEW:** Kenneth and Angela Hensley filed this lawsuit against the South Carolina Department of Social Services on behalf of their adopted minor child BLH and a class of approximately 4000 similarly situated adopted children. The central allegation of the lawsuit is that DSS breached an Adoption Subsidy Agreement with the parents of each member of the class by reducing each parent's adoption subsidy by $20 a month, beginning in 2002. The circuit court issued an order finding the Hensleys satisfied the requirements of Rule 23(a) of the South Carolina Rules of Civil Procedure, and certifying the proposed class. The court of appeals reversed. We find the circuit court's order is not immediately appealable. We vacate the court of appeals' opinion and dismiss the appeal.

## I.     Facts and Procedural History

BLH was born on February 20, 1997. DSS placed her in foster care with the Hensleys in April 1997. The Hensleys received a foster care maintenance subsidy of $675 per month from DSS through the federal Adoption Assistance and Child Welfare Act of 1980. *See* 42 U.S.C.A. §§ 670-679c (2011 & Supp. 2019). The Hensleys adopted BLH in 1999. DSS then entered into an Adoption Subsidy Agreement with the Hensleys pursuant to 42 U.S.C.A. § 673(a)(1)(A), which requires the State to "enter into adoption assistance agreements . . . with the adoptive parents of children with special needs." *See also* S.C. Code Ann. §§ 20-7-1900 to -1970 (Supp. 2002) ("South Carolina Adoption Supplemental Benefits Act" (currently codified at S.C. Code Ann. §§ 63-9-1700 to -1810 (2010))); S.C. Code Ann. § 20-7-1950(A) (Supp. 2002) ("When the department determines that a child is eligible for supplemental benefits, a written agreement must be executed between the parents and the department." (currently codified at S.C. Code Ann. § 63-9-1770(A))). The agreement—entered on a form prepared by DSS—required DSS to make a "monthly cash payment" to the Hensleys of $675. The agreement stated it was made "for the purpose of facilitating the legal adoption of" BLH "and to aid the adoptive parents in providing proper care for this child." By its terms, the contract was to be "renewed annually by the adoptive parents and DSS," and the "parents may appeal DSS's decision to reduce, change, or terminate any adoption subsidy."

In June 2002, the acting director of DSS notified foster and adoptive parents by letter that DSS would reduce all federally funded monthly foster care maintenance and adoption subsidies by $20. In 2004, DSS restored the $20 for foster care maintenance subsidies but not for adoption subsidies.

In 2011, the Hensleys filed a class action lawsuit in state court against DSS and its director alleging a violation of the Contract Clause (art. I, § 10) of the United States

Constitution and civil rights violations under 42 U.S.C.A. § 1983 (2012). The defendants removed the case to federal court. The Hensleys dismissed their claims against DSS itself but added several former directors as defendants. The district court granted the Hensleys' motion for class certification, denied the remaining defendants' motion for summary judgment on the basis of qualified immunity, and denied the Hensleys' cross motion for summary judgment.

The Fourth Circuit reversed the denial of the defendants' motion for summary judgment. *Hensley v. Koller*, 722 F.3d 177 (4th Cir. 2013). The court found that when DSS reduced foster care maintenance subsidies in 2002, it was required by federal law to also reduce adoption subsidies. 722 F.3d at 183 (citing 42 U.S.C.A. § 673(a)(3) (providing that "in no case may the amount of the adoption assistance payment . . . exceed the foster care maintenance payment . . . if the child with respect to whom the adoption assistance payment is made had been in a foster family home")). On this basis, the court found "the Hensleys cannot establish that the Directors violated the Hensleys' rights under the Act and therefore the Directors are entitled to qualified immunity." 722 F.3d at 183. The Fourth Circuit "remand[ed] the case for entry of a judgment consistent with this opinion." 722 F.3d at 184.

While the federal case was on appeal at the Fourth Circuit, on April 1, 2013, the Hensleys filed this breach of contract action in state court in Spartanburg County. They claimed DSS breached the Adoption Subsidy Agreement by reducing the monthly cash payments in 2002, and by not increasing the payment for adoptive parents in 2004 when DSS restored the foster care maintenance subsidy to the original level. As with the first action, the Hensleys brought the claim as a class action. The circuit court held a hearing on class certification and DSS's motion for summary judgment. The court granted the motion for class certification in an order filed May 29, 2014, and then filed an amended order on September 16, 2014, certifying the proposed class. The court denied DSS's motion for summary judgment.

In the September 2014 order, the circuit court required "Defendant shall serve on each class member a Notice of Class Action." The court later granted DSS's Rule 59(e), SCRCP, motion to amend its order only on the question of who must provide notice to the class. In an order filed April 30, 2015, the court ordered the Hensleys to prepare a proposed notice and submit it to the circuit court for approval.

DSS appealed the September 2014 order before the circuit court ruled on DSS's Rule 59(e) motion. The court of appeals stayed the appeal until the Rule 59(e) motion was resolved. After the circuit court granted the motion in part on April 30, the court

of appeals proceeded to hear the appeal. The court of appeals found the order granting class certification was immediately appealable and reversed on the basis the Hensleys did not satisfy the commonality requirement of Rule 23(a). *Hensley ex rel. BLH v. S.C. Dep't of Soc. Servs.*, 423 S.C. 422, 430-31, 814 S.E.2d 638, 642-43 (Ct. App. 2018). We granted the Hensleys' petition for a writ of certiorari.

## II.    Immediate Appealability

As the court of appeals correctly recognized, class certification orders are ordinarily not immediately appealable. 423 S.C. at 428, 814 S.E.2d at 641 (quoting *Salmonsen v. CGD, Inc.*, 377 S.C. 442, 448, 661 S.E.2d 81, 85 (2008)); *see also Knowles v. Standard Sav. & Loan Ass'n*, 274 S.C. 58, 59, 261 S.E.2d 49, 49 (1979) (rejecting the argument "class certification is a decision on the merits and affects substantial rights, therefore, appealable by virtue of S.C. Code [Ann.] § 14-3-330 (1976)"). To find the order immediately appealable in this case, the court of appeals relied on a narrow point of law from *Doe v. Howe*, 362 S.C. 212, 607 S.E.2d 354 (Ct. App. 2004), which we will discuss below. The court of appeals stated "this case involves the disclosure of personal and potentially sensitive information for which there would be 'no appellate remedy . . . likely to repair any damage done by an improper disclosure.' Therefore, we hold this case is properly before the appellate court." 423 S.C. at 429, 814 S.E.2d at 642 (citation omitted).

The factual basis for the court of appeals' holding is that there may be adopted children in the class whose parents made a conscious decision not to tell them they are adopted. The court reasoned that when notice of the class is given to these parents—or to their child if she has reached majority—the child will learn she is adopted. 423 S.C. at 429, 814 S.E.2d at 642. As the court of appeals recognized, the law protects the confidentiality of this information. *See* S.C. Code Ann. § 63-9-780(A)-(C) (2010 & Supp. 2019) (providing all adoption proceedings and proceedings regarding supplemental benefits to adoptive parents are confidential and must be closed, the related court records are confidential and must be sealed, and the related DSS records are confidential and are not subject to inspection, the only exception being "upon court order for good cause shown").

The legal basis for the court of appeals' holding comes from *Doe v. Howe*. In that case, our court of appeals allowed an immediate appeal of a pretrial order denying permission to a plaintiff to proceed anonymously in a civil case involving allegations the plaintiff was the victim of sexual assault as a child. The *Doe* court focused on the nature of the specific information the plaintiff sought to keep confidential, 362 S.C. at 217-19, 607 S.E.2d at 356-57, and in particular the "social stigmatization"

and "embarrassment and humiliation" the plaintiff "understandably seeks to avoid," 362 S.C. at 219, 607 S.E.2d at 357. The *Doe* court turned to federal precedent on the narrow question before it—whether a pretrial order denying a plaintiff permission to proceed anonymously is immediately appealable. 362 S.C. at 216, 607 S.E.2d at 356-57 (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Based on the specific facts of the case (the plaintiff was a child sexual assault victim), and the narrow issue the court faced (the plaintiff sought to pursue the case anonymously), the *Doe* court found the order immediately appealable.

We disagree with the court of appeals that *Doe* supports an immediate appeal in this case. First, *Doe* is the only case in the jurisprudence of this State in which the need to preserve confidential information was the basis on which an immediate appeal of an otherwise unappealable order was permitted. *Cf. Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 6, 8, 630 S.E.2d 464, 467-68, 469 (2006) (finding an order appealable because it was a final order, but discussing the immediate appealability of interlocutory orders disclosing confidential information). The issue in *Doe* was narrow. The *Doe* court relied on similarly narrow precedent—federal decisions on the identical issue. There is little in *Doe*, or in the federal precedent on which it relies, that suggests its reasoning should extend beyond the narrow question of whether a plaintiff may immediately appeal a pretrial order denying the plaintiff the right to proceed anonymously to avoid public disclosure of the fact he was sexually assaulted as a child.

DSS argues the immediate appealability of the class certification order is also supported by *Ex parte Capital U-Drive-It*. The court of appeals relied on the case. 423 S.C. at 429, 814 S.E.2d at 642. In *Ex parte Capital U-Drive-It*, the plaintiff brought a civil embezzlement action in circuit court against a recent family court litigant. 369 S.C. at 4, 630 S.E.2d at 466. In the course of discovery in the circuit court action, the plaintiff sought to unseal the family court record so it could "review and copy all information in the file pertaining to [the civil defendant]'s financial affairs." 369 S.C. at 4-5, 630 S.E.2d at 466. The circuit court plaintiff filed the motion to unseal the record in family court. *Id.* The family court granted the motion to unseal the record and permitted the circuit court plaintiff to inspect it. 369 S.C. at 5, 630 S.E.2d at 466. We found the family court order was appealable because "it is a final order issued by the family court which stands separate and apart from the civil lawsuit." 369 S.C. at 6, 630 S.E.2d at 467.[1] Because our decision in *Ex parte*

---

[1] We addressed two additional points that were not necessary to our decision. First, we stated,

*Capital U-Drive-It* turned on the fact it was an appeal from a final order, it does not support the immediate appeal of any interlocutory order.

Whether this Court should extend the reasoning of *Doe* to allow immediate appeals of orders other than those denying a child sexual assault victim's request to proceed anonymously in a civil lawsuit is an important question. For the reasons we will explain, however, we decline to address the question until the actual danger of disclosure of confidential information is squarely before the Court.

This is, in fact, the second reason we disagree with the court of appeals and find the class certification order in this case is not immediately appealable. Neither the parties, the circuit court, the court of appeals, nor this Court has any certainty of whether a disclosure of confidential information is even at stake in this case. The amended class certification order requires the Hensleys to prepare a notice for the circuit court's approval that will protect the confidentiality concerns raised by DSS. Until the circuit court has a chance to evaluate the proposed notice and hear from the parties as to how confidential information will be protected—or how it may be compromised—nobody knows whether any confidential information is actually put at risk in this case.

> the order issued by the family court unsealing the record determined a substantial matter forming the whole or part of the family court proceeding in which [the civil plaintiff] sought access to the record of the . . . divorce. No further action is required in the family court to determine the parties' rights; therefore, the order is immediately appealable under Section 14-3-330(1).

369 S.C. at 7-8, 630 S.E.2d at 468. Second, we addressed the question of whether the disclosure of confidential information by itself rendered the order immediately appealable. We stated,

> we agree with courts which have been inclined to find such an order immediately appealable because, after a court file is unsealed and the information released, no appellate remedy is likely to repair any damage done by an improper disclosure.

369 S.C. at 8, 630 S.E.2d at 468.

The third reason we disagree with the court of appeals—on immediate appealability—relates to the requirements a class action plaintiff must satisfy to establish commonality under Rule 23(a). The circuit court identified two issues common to all class members,[2] and found "South Carolina has no predominance . . . requirement." The court of appeals reversed, however, on the basis that there is some predominance-related requirement in Rule 23(a), which it found the Hensleys did not meet. *See* 423 S.C. at 431, 814 S.E.2d at 643 (identifying four issues that "will require individualized inquiry" and holding "the necessity of such individualized inquiries 'negates the benefits of a class action suit'[3]").

Under Rule 23(b)(3) of the Federal Rules of Civil Procedure—which South Carolina specifically did not adopt as a part of our Rule 23—a district court may not certify the type of class action we address here unless "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members." This provision requires the court to balance the efficiency to be gained from one trial on common issues versus the difficulty to be suffered by having to conduct individual trials or hearings on issues that are not common.

Though our Rule 23 does not specifically require the common issues "predominate," there must be a proper balance between common and individualized issues in order to achieve the efficiencies the class procedure was designed to promote. The court

---

[2] The circuit court found two common questions: whether (1) DSS's 2002 decision to reduce adoption subsidies, or (2) DSS's 2004 decision not to raise the adoption subsidy to its original level, breached the written terms of the Adoption Subsidy Agreement or its implied covenant of good faith and fair dealing.

[3] The court of appeals indicates it is quoting *McGann v. Mungo*, 287 S.C. 561, 340 S.E.2d 154 (Ct. App. 1986), but it appears to be quoting *Gardner v. S.C. Department of Revenue*, 353 S.C. 1, 22, 577 S.E.2d 190, 201 (2003). The court of appeals' reliance on *McGann* on this point is important, however, because *McGann* was the first class action case addressed by our appellate courts after Rule 23(a) was adopted in 1985. In *McGann*, Judge Goolsby of the court of appeals quoted and relied on Dean Lightsey and Professor Flanagan's discussion of commonality and predominance in their 1985 treatise published simultaneously to the promulgation of our Rules of Civil Procedure. 287 S.C. at 566-71, 340 S.E.2d at 156-59. *See* Harry M. Lightsey & James F. Flanagan, *South Carolina Civil Procedure* 198-99, 201-02 (1st ed. 1985).

of appeals' recognition of this requirement has support in academic sources and in our precedent.

> The commonality requirement [of Rule 23(a), SCRCP,] is a condition of class action status, but the existence of common questions alone is not sufficient . . . . [T]he class action must be a better procedural mechanism for resolving the litigation than named joinder or separate litigation. Under Fed. R. Civ. P. 23(b)(3), this is reflected in the requirement that the common questions predominate over individual issues. Although not specifically required by this Rule, it is inherent in the general conditions for class actions. The Court should first determine the existence of common questions, and then whether they are sufficient[ly] central to justify the class action.

Harry M. Lightsey & James F. Flanagan, *South Carolina Civil Procedure* 199 (1st ed. 1985); *see also Gardner*, 353 S.C. at 22, 577 S.E.2d at 201 (reversing the circuit court's certification of a class because "the factual differences . . . are the crux of a predominant legal issue," and stating, "A representative class cannot exist where the court must investigate each plaintiff's . . . claim where it is one of the two predominate issues in the case. Requiring such individualized examination negates the benefits of a class action suit"); *McGann*, 287 S.C. at 568, 340 S.E.2d at 158 (stating "commonality is a judgment that the issues are sufficiently similar so that the class action will be a more efficient means of resolving the problem, even though some individual issues may be litigated in any event" (quoting Lightsey & Flanagan, *supra* at 198)).

In this case, the circuit court correctly identified two issues common to the claims of all class members. However, the court has not yet determined which issues might need individualized trials or hearings. There are several potentially significant issues that may require individual treatment. For example, DSS contends each class member was required to appeal DSS's decision to reduce the monthly cash payments through the administrative appeals process. *See Stinney v. Sumter Sch. Dist. 17*, 391 S.C. 547, 550 n.1, 707 S.E.2d 397, 398 n.1 (2011) ("exhaustion of administrative remedies . . . applies when a litigant invokes the original jurisdiction of the circuit court to adjudicate a claim based upon a statutory violation for which the legislature has provided an administrative remedy"); S.C. Code Ann. § 20-7-1960 (Supp. 2002) ("A decision concerning supplemental benefits by the department which the adoptive parents consider adverse to the child is reviewable according to department

regulations." (currently codified at S.C. Code Ann. § 63-9-1790 (2010)); S.C. Code Ann. Regs. 114-100 to -190 (2012 & Supp. 2019) (generally discussing the DSS decision-making process); *id.* at 114-110 ("allow[ing] an individual to contest an adverse action taken by [DSS] and to have his or her objections to the adverse action heard by an impartial hearing officer or committee"). The court of appeals agreed with DSS that this question "will require individualized inquiry." 423 S.C. at 431, 814 S.E.2d at 643.

The exhaustion of administrative remedies question DSS raises is not whether the Hensleys or any particular class member's parents completed the administrative appeals process. That would be a question addressed to the merits. Rather, DSS raises the question of what process—if any—the circuit court must go through to answer that merits question. If the requirement to exhaust administrative remedies does not apply in this case, then the court would have to go through no individualized process. If the requirement does apply, however, the circuit court may have to conduct individual trials or hearings. The circuit court did not address this question, and the question is not before this Court at this time. The answer to the question will nevertheless affect whether this case is appropriate for class treatment.

The court of appeals identified other issues that may require individualized trials or hearings. *See id.* (identifying the following issues—"whether each set of adoptive parents accepted or consented to the reduction in payments, . . . entered into renewal agreements, or at any pertinent time terminated their agreements"—that "will require individualized inquiry"). DSS raises the additional question of whether the calculation of damages requires significant individual treatment, or—as the Hensleys contend—the damages can be calculated by simple formula. All of these questions relate directly to whether the circuit court will ultimately permit this lawsuit to be maintained as a class action. *See Salmonsen*, 377 S.C. at 454, 661 S.E.2d at 88 ("class certification may be altered at any time prior to a decision on the merits").

## III. Conclusion

We find under the circumstances of this case that the class certification order is not immediately appealable. We vacate the opinion of the court of appeals and dismiss this appeal.

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**